STEPHEN N. MUNROE *vs.* DANIEL P. WEIR.

Essex.   November 7, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

In an action on a promissory note a judge of the Superior Court has power to
    order judgment for the plaintiff to be entered and execution to issue without
    the filing of the note declared on and without a bond of indemnity, when such
    requirements are not necessary for the protection of the defendant; and where
    the facts do not appear by the record, the appropriate circumstances are pre-
    sumed to have existed.
Rule 56 of the Superior Court, requiring the prevailing party in every suit to file
    with the clerk all papers and documents necessary to enable him to make up
    and enter the judgment, has no application to a judgment on a lost promissory
    note.

CONTRACT, on a promissory note dated February 11, 1879, for
$1,400, payable in one year from date.   Writ dated July 1, 1890.

In the Superior Court, *Bell*, J. made the following order:
" Let judgment be affirmed and entered in regular course, and
execution issue without the filing of the note declared on and
now alleged to be lost, and without a bond of indemnity."
From that judgment of the Superior Court the defendant ap-
pealed, and, after hearing on a motion to dismiss, the judge
allowed the appeal.

The defendant contended that the judgment was erroneous
because it did not require the filing of the note or a bond of
indemnity in lieu thereof.

No facts in regard to the loss of the note or other circum-
stances of the case appeared on the record.

Rule 56 of the Superior Court, which is mentioned in the
opinion of the court as not material to the decision, provides
that " The prevailing party in every suit shall forthwith file
with the clerk all papers and documents necessary to enable him
to make up and enter the judgment and to complete the record
of the case ; . . . and no execution shall issue until the papers
are filed as aforesaid."

*F. G. Preston*, for the defendant.

*C. W. Richardson*, for the plaintiff.

HOLMES, C. J.  This is an appeal from an order that judgment be entered and that execution issue in a suit against the maker of a promissory note, "without the filing of the note declared on and now alleged to be lost, and without a bond of indemnity." The only question is whether we can say that under no circumstances does a judge of the Superior Court have power to make such an order, for as the record discloses nothing beyond the fact that the order was passed, it must stand unless it is *ultra vires* on its face.

Manifestly we cannot deny the power of the judge. Filing the note and giving a bond of indemnity are simply means of making the defendant reasonably safe. *Fales* v. *Russell*, 16 Pick. 315, 317, 318. *Schmidt* v. *People's National Bank*, 153 Mass. 550, 552. When the note is lost when overdue and after the trial, it may appear clearly to the court that no bond is necessary to the defendant's safety. See 2 Dan. Neg. Instr. (4th ed.) §§ 1478, 1481. We need not go so far even as that. If the defendant's contention were right, the judge could not have made this order if with his own eyes he had seen the defendant put the note into the fire.

The argument for the defendant hinted at an obstacle in the rules of the Superior Court, but did not venture to press the suggestion. Rule 56, which requires the filing of all papers necessary to enable the clerk to make up and enter the judgment etc., of course does not purport to make it impossible to recover on a lost note, and has no bearing on the question whether a bond of indemnity shall be filed.

*Judgment affirmed.*