EVA A. COOK *vs.* NORTH BRITISH AND MERCANTILE
INSURANCE COMPANY.

Suffolk.    January 26, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Insurance, Fire,* Sworn statement of loss.   *Words,* "Forthwith."

In an action on a fire insurance policy, it appeared, that the fire occurred on October 7, that after correspondence with the plaintiff, then in Seattle, her agent on November 12, delivered to the defendant a statement not under oath and otherwise insufficient, and that a sworn statement was not furnished until about December 15, no reasonable excuse being shown for the last delay. *Held,* that there was no evidence to warrant a finding that a sworn statement of the loss was furnished forthwith to the defendant in accordance with the terms of the policy.   *Whether* there was sufficient evidence of a waiver of the requirement to justify a finding for the plaintiff on that ground, was not considered.

CONTRACT on a fire insurance policy in the Massachusetts standard form on property destroyed by fire on October 7, 1898. Amended from a bill in equity which was filed April 15, 1899.

A decision in this case upon exceptions taken at a former trial is reported in 181 Mass. 101. The new trial in the Superior Court was before *Pierce,* J., who ruled and refused to rule as stated in the opinion. The jury returned a verdict for the plaintiff in the sum of $1,981.38. They also made the following special findings on questions submitted to them by the judge: 1. Was the statement filed November 12, 1898, intended to be such a proof of loss as was required by the policy? To which the jury answered, "Yes." 2. On what day in November was that schedule received by the agent of the plaintiff? To which the jury answered, "From the testimony given by Mr. Libby, agent for the plaintiff, who stated that immediately upon receiving the schedule from the plaintiff he had it typewritten and at once delivered it to the defendants, it is the unanimous opinion of the jury that he, Libby, agent for the plaintiff, received the schedule November 11, 1898."

*F. W. Brown,* for the defendant, submitted a brief.

*F. H. Stewart,* for the plaintiff.

HAMMOND, J.    When this case was before us upon exceptions taken at a former trial, it was held that the evidence as then presented did not warrant a finding that the sworn statement was furnished "forthwith" as required by the policy.    Upon that ground the exceptions were sustained.    The general question of the weight of the evidence as to a waiver of this provision of the policy was not considered, but, in view of the fact that the case might be tried again, it was said, for reasons stated in the opinion, that upon that question no inference unfavorable to the defendant could be drawn from the mere fact of arbitration.    181 Mass. 101, 103, 104.

Although in the present bill of exceptions there is considerable evidence as to a waiver, yet the question whether it is sufficient to justify a finding for the plaintiff on that point is not raised on the record except possibly upon the first ruling requested by the defendant.    The defendant asked for two rulings, first, that upon all the evidence the plaintiff could not recover, and second, that the sworn statement was not forthwith rendered within the meaning of the policy.    The judge refused to give either ruling and submitted the case to the jury with instructions that it was for them to say, upon all the evidence, whether or not the sworn statement was forthwith rendered. The jury found for the plaintiff, and in response to two specific questions put to them said that the statement filed November 12, 1898, was received by Libby the day before, and was intended by the insured to be the proof required by the policy.

We are of opinion that the defendant was entitled to a ruling that the sworn statement was not filed forthwith, as required by the terms of the policy.    In *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528, 530, it is said that "the true meaning of such a requirement in a policy is that the statement shall be sent as soon as the exercise of reasonable diligence will enable the assured to send it."    Tried by this test, it is plain that due diligence was not used.    Indeed it is doubtful whether the plaintiff, or Libby her agent, ever tried to comply with this requirement until about December 15, when a sworn statement of loss was furnished.    The fire occurred on October 7, 1898.    After some correspondence with the plaintiff, who was then in Seattle, Libby, her agent, finally, on November 11, 1898, got a schedule of the

furniture claimed to have been destroyed, and on the next day delivered it to the company. It was not under oath, and for that and other reasons was not the sworn statement required. There the matter rested for more than a month, and there is no reasonable excuse shown for this last delay. Under these circumstances it must be held that this provision of the policy was not complied with, and the question was erroneously submitted to a jury.

The decision upon this point renders it unnecessary to consider whether the first ruling requested by the defendant should have been given; but, as the case may be tried again, it is well to say that there is nothing either in this or the former decision which would prevent the plaintiff from going to the jury upon the question of waiver, and that question has not been concluded against the plaintiff.

_Exceptions sustained._