BYRON M. BENNETT, trustee, *vs.* ÆTNA INSURANCE COMPANY.

Worcester.   September 29, 1908. — May 17, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Insurance*, Fire.   *Bankruptcy*, Rights of trustee.

Under the requirement in the Massachusetts standard form of fire insurance policy, that in case of loss a sworn statement by the insured shall be forthwith rendered to the company, if on the day after the fire causing the loss the insured goes away and abandons his property, doing nothing whatever about a statement, and twenty days afterwards an involuntary petition in bankruptcy is filed against him, on which, fifty-one days after the fire, he is adjudged a bankrupt, and ten days later a receiver of his property in bankruptcy is appointed who twenty days after his appointment files with the insurance company a sworn statement of the loss, purporting to be made under the requirement of the policy, and, on being elected trustee in bankruptcy, brings an action on the policy, he cannot recover, because the above named requirement creates a condition precedent that the statement shall be sent as soon as the exercise of reasonable diligence will enable the insured to send it and such condition has not been performed, the trustee having succeeded only to the rights of the bankrupt at the time of the adjudication, long before which a reasonable time for the presentation of the statement by the insured had expired.

The only rights which a trustee in bankruptcy has, in the interest of creditors, beyond those that the bankrupt himself could have enforced, are in regard to unlawful preferences or property fraudulently conveyed.

CONTRACT, by the trustee in bankruptcy of the estate of Adelard J. Dubois, on a policy of fire insurance in the Massa-

chusetts standard form issued by the defendant to Dubois. Writ dated December 8, 1905.

In the Superior Court the case was submitted to *Gaskill*, J., upon the pleadings and exhibits and an agreed statement of facts. The judge found for the plaintiff in the sum of $550, with interest thereon from the date of the writ. The defendant alleged exceptions, raising the single question which is stated in the opinion.

The case was submitted on briefs at the sitting of the court in September, 1908, and afterwards was submitted on briefs to all the justices.

*F. W. Brown & L. K. Foster*, for the defendant.

*C. W. Wood & C. H. Wood*, for the plaintiff.

KNOWLTON, C. J.    This is an action by a trustee in bankruptcy to recover under a policy of fire insurance in the Massachusetts standard form. One provision of the policy is that, " In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which, and the persons by whom the building insured, or containing the property insured, was used, and the time at which, and manner in which the fire originated, so far as known to the insured." The insured was one Adelard J. Dubois, whose estate in bankruptcy the plaintiff represents as trustee. Dubois was in the city of Worcester, where the fire occurred, at the time of the fire. On the following day he went away and abandoned his property, and, so far as known, has not been heard from since. The fire occurred on January 7, 1905. On January 27 an involuntary petition in bankruptcy was filed against him. On February 27 he was adjudged a bankrupt, on March 9 the plaintiff was appointed the receiver of his property, and on April 13 the plaintiff was elected trustee. On March 29 a statement, purporting to be made under the above quoted provision of the policy, was filed by the plaintiff as receiver, with the local agents of the defendant in Worcester.

The rendering of the statement forthwith is a condition precedent to the right of the assured to recover for a loss under such

a policy. In *Parker* v. *Middlesex Mutual Assur. Co.* 179 Mass. 528, is this language: " The true meaning of such a requirement in a policy is that the statement shall be sent as soon as the exercise of reasonable diligence will enable the assured to send it. When it is contended that a statement was not sent in time under such a requirement, the inquiry always is whether the insured, whose duty it was under the contract to send the paper as soon as he reasonably could, has used due diligence to send it promptly." This is the doctrine of all the cases. See *Cook* v. *North British & Mercantile Ins. Co.* 183 Mass. 50; *Boruszewski* v. *Middlesex Mutual Assur. Co.* 186 Mass. 589. The assured cannot, by abandonment, neglect, misconduct or omission of any kind, enlarge his own rights or the rights of his creditors, or diminish the rights of the company under the policy.

In the present case the assured, without apparent reason or excuse, failed utterly to comply with the terms of the policy on which his right to recover depended. Eighty-one days passed before a statement was furnished to the defendant. It was fifty-one days from the time of the fire to the day when the assured was adjudged a bankrupt. During all this time, he alone represented his property and his rights under contracts. Long before the time of the adjudication in bankruptcy, all his rights to recover for this fire had been lost by his failure to render a statement as required by the policy. If he had rendered a statement two days before the time of the adjudication, and no adjudication had been made, and he had brought a suit, the company could have defended successfully on the ground of his failure to comply with the requirement of the policy.

The trustee in bankruptcy succeeded only to his rights at the time of the adjudication. The title of the trustee vests as of the day of the adjudication, and it includes " rights of action arising upon contracts," etc. U. S. St. 1898, c. 541, § 70 (b). The trustee can recover only such property as the bankrupt could have controlled and collected personally at the time when his rights passed to his successor. The rule is the same under the insolvency law of Massachusetts. R. L. c. 163, § 54. *Caldwell* v. *Rice*, 6 Met. 493, 497. *Pratt* v. *Wheeler*, 6 Gray, 520.

It is only as to unlawful preferences and property fraudulently conveyed that the trustee has rights, in the interest of

creditors, beyond those that the bankrupt himself could have enforced. Because the assured failed to render a statement forthwith within the meaning of the provision in the policy, his trustee in bankruptcy cannot maintain this action.

*Exceptions sustained.*