JOHN J. GREENOUGH *vs.* PHOENIX INSURANCE COMPANY OF HARTFORD.

SAME *vs.* PROVIDENCE WASHINGTON INSURANCE COMPANY.

SAME *vs.* ATTLEBORO MUTUAL FIRE INSURANCE COMPANY.

SAME *vs.* PHOENIX ASSURANCE COMPANY OF LONDON, ENGLAND.

SAME *vs.* SALISBURY AND AMESBURY MUTUAL FIRE INSURANCE COMPANY.

Franklin.    March 16, 1910. — June 24, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Insurance,* Fire.    *Words,* "Forthwith," "So far as known."

The requirement in a policy of fire insurance in the standard form prescribed by R. L. c. 118, § 60, that in case of any loss or damage under the policy a sworn statement in writing as to certain details "shall be forthwith rendered to the company," means that the insured must exercise such diligence in rendering the statement to the company without unnecessary delay as, in the light of the conditions surrounding him at the time when he was bound to act, considered as they then should be by an ordinarily prudent man, would be deemed reasonable.

A pickle factory in a small country town was injured by fire. Within two days thereafter a person purporting to represent two of five companies with whom the owner had insured his factory by policies in the standard form prescribed by R. L. c. 118, § 60, called upon the owner. Two weeks after the fire representatives of all the insurance companies visited the owner, having given previous notice of their coming, examined the premises with a carpenter and during several hours made several propositions to the owner in ineffectual efforts at adjustment. On the next day the owner made to the companies the sworn statement in writing of details as to the value of the property, the owner's interest therein, other insurance, the uses of the building, and the origin of the fire,

which the policies required should be filed with the companies "forthwith." A little less than a month after the fire there was another meeting of the owner with the representatives of the companies, at which one representing all said to the owner without dissent on the part of any one that "they had received the statements of loss and that they were all right." *Held*, that all the circumstances taken together might be found to relieve the owner from making the statements earlier than he did and to constitute a temporary waiver by the insurance companies of their contractual rights in that regard.

In the requirement in the standard form of fire insurance policy prescribed by R. L. c. 118, § 60, that in case of loss or damage under the policy, the insured shall forthwith render to the company a sworn statement in writing "setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by whom the building insured, or containing the property insured, was used, and the time at which and manner in which the fire originated, so far as known to the insured," the modifying clause, "so far as known to the insured," applies to all the statements which the insured is required to make; and therefore if in making the statement as to other insurance the insured omits to mention a policy which, it might be found, he did not know was in force, it cannot be said that as matter of law he has failed to comply with the provision.

FIVE ACTIONS OF CONTRACT upon six policies of insurance in the Massachusetts standard form insuring the plaintiff's pickle factory, supplies and stock of pickles in Deerfield. Writs dated April 20, 1907.

The cases were tried together before *King*, J., who at the close of the evidence made the following ruling: "There is no evidence that the provision of the policy requiring a statement of loss to be forthwith rendered was complied with. That was a condition precedent to any obligation on the defendant, and I therefore direct a verdict for the defendant in each case." Verdicts accordingly were ordered for the defendants; and the plaintiff alleged exceptions.

*C. M. Davenport*, for the plaintiff.

*F. W. Brown*, (*W. L. Came* with him,) for the defendants.

RUGG, J. These are actions upon contracts of insurance in the Massachusetts standard form. The first defense put forward is that no statement in writing was furnished by the insured "forthwith" as required by this clause of the policy: "In case of any loss or damage under this policy, a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured, the interest of the insured therein, all other insurance thereon, in detail, the purposes for which and the persons by

whom the building insured, or containing the property insured, was used, and the time at which and the manner in which the fire originated, so far as known to the insured." R. L. c. 118, § 60. It may be noted in passing that the important change wrought in this clause by St. 1910, c. 552, has no bearing on these actions.

The word "forthwith" or other equivalent expressions used in this connection have been frequently before the courts for interpretation. *Harnden* v. *Milwaukee Mechanics' Ins. Co.* 164 Mass. 382, 384. *Mandell* v. *Fidelity & Casualty Co.* 170 Mass. 173, 177. *Smith & Dove Manuf. Co.* v. *Travelers' Ins. Co.* 171 Mass. 357, 358. *Parker* v. *Middlesex Mutual Assur. Co.* 179 Mass. 528. *Cook* v. *North British & Mercantile Ins. Co.* 181 Mass. 101; *S. C.* 183 Mass. 50, 51. *Fuller* v. *New York Fire Ins. Co.* 184 Mass. 12, 20. *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 53, and cases cited. *Bennett* v. *Ætna Ins. Co.* 201 Mass. 554, 556. *Everson* v. *General Accident, Fire & Life Assur. Corp.* 202 Mass. 169, 174, and cases cited. *Hughes* v. *Central Accident Ins. Co.* 222 Penn. St. 462.

The result of these decisions is that, upon such a defense, the inquiry is whether in the light of conditions surrounding the insured at the time when he was bound to act, considered as they then should have been by an ordinarily prudent man, he exercised reasonable diligence in rendering the written statement to the insurer without unnecessary delay. An insured, who has suffered loss, may properly take a few days in order to acquire the knowledge necessary intelligently to prepare a statement, adequate both to give some reliable data to the insurers and to protect his own rights in the future. The time required for this purpose must vary with the character and extent of the property injured, the intimacy of the relation of the owner to it and the circumstances peculiar or personal to himself in which at the moment he may be placed. What may be forthwith in any case depends upon a due regard to all these considerations. This provision of the contract is prescribed by the statute, has been entered into by the parties and must be performed, unless there is something in the words or conduct of the insurer which either partially or wholly excuses the insured from compliance. There may be negotiations for a settlement of the loss of such a

tenor or occurring so soon after the fire, or under such surroundings, as amount to a waiver for the time being of the right of the insurer to require the statement forthwith, and as to make it a breach of good faith for it to set up as a defense the failure immediately to furnish the statement. Facts may be found to exist equivalent to a representation by the insurer to the effect that the right to require the written statement, while not abandoned, would be treated as suspended until the termination of efforts at compromise.

The fire by which the plaintiff suffered loss occurred on December 12, in a small country town. The property was a pickle factory. There was evidence which would support a finding that within two days after the fire the secretary of one of the defendants came to the plaintiff, appearing to represent both the mutual companies, talked over with him the subject of the loss, and, about a week after the fire (or perhaps two weeks, the evidence upon this point not being definite), representatives of all the defendants empowered to adjust the loss having given previous notice of their coming to the plaintiff, visited the premises and remained there several hours; they were accompanied by a carpenter, who conferred with them from time to time and made measurements of the injured buildings, and they made divers propositions to the plaintiff in an ineffectual endeavor to adjust the loss. On the day after this, due statements were made, one of which was received by each of the defendants sixteen days after the fire. Early in the following January, there was another meeting between the plaintiff and several adjusters who had authority to represent all the defendants, at which a further attempt was made to settle the loss. During this interview, one of the adjusters, who acted as spokesman for all, said without dissent by any of them that " they had received the statements of loss and that they were all right."

If these were found to be the facts, the inference was warranted that the defendants gave the plaintiff to understand by their words and conduct that statements need not be furnished until after there had been an examination of the premises by their representatives and an attempt to compromise their respective rights under the contract, and that thereafter their agents admitted that statements sufficient in form and satisfactory as

to time had been received by the insurers.   All the circumstances taken together may have been found to relieve the plaintiff from acting earlier than he did as to the written statement, and to constitute a temporary waiver of their contractual rights in this regard on the part of the defendants.   *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50.   *Walker* v. *Lancashire Ins. Co.* 188 Mass. 560.   *Boruszewski* v. *Middlesex Mutual Assur. Co.* 186 Mass. 589, 592.

It is further urged in defense that the statements as rendered were not in compliance with the policies in that they failed " to set forth all other insurance thereon, in detail."   The fact relied on in support of this contention is that it may have been found that there was another policy of insurance issued by the defendant, the Attleboro Mutual Insurance Company, which was not included in the list.   This policy was applied for in writing, but the plaintiff's name to the application was signed by an insurance solicitor, and, although there was some evidence tending to show that it was issued and mailed to the plaintiff, and that he paid for it along with other policies, yet he did not receipt for it, and he testified that he had no recollection of ever having applied for the policy or having paid for it or its having been issued to him, and that he had "never received it."   On this state of the evidence the jury might have found either way on the question whether the policy became a binding contract. A finding certainly would have been warranted that the plaintiff made a full statement as to other insurance " so far as known to him," which is all that was required of him.   This modifying clause of the insurance contract applies to all the statements which the insured is required to make.   It cannot be presumed to have been the intent of the legislature in enacting this paragraph of the standard form to hold an insured to anything more than good faith and reasonable investigation to ascertain the facts in rendering the statement.   He is not required to be a warrantor of the truth of all recitals in it.   The general rule that a modifying clause is ordinarily to be confined to the last antecedent does not apply where a consideration of the subject matter requires a different construction.   The punctuation of the paragraph, which has been the same in all its enactments (St. 1873, c. 331, § 1, St. 1881, c. 166, § 1, Pub. Sts. c. 119,

§ 139, R. L. c. 118, § 60, St. 1907, c. 576, § 60), confirms this view, and punctuation, although often disregarded, may be resorted to when it tends to throw light upon the meaning of the language. *Commonwealth* v. *Kelley*, 177 Mass. 221 and cases cited. *Best* v. *Nagle*, 182 Mass. 495. *Welsh, petitioner*, 175 Mass. 68. *Commonwealth* v. *Grant*, 201 Mass. 458. This is the construction of the statute indicated in *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 55, and appears to be in harmony with the trend of decisions elsewhere. *Connecticut Mutual Life Ins. Co.* v. *Schwenk*, 94 U. S. 593, 596. *McMaster* v. *Insurance Co.* 55 N. Y. 222, 232. *Miller* v. *Hartford Ins. Co.* 70 Iowa, 704. *McNally* v. *Phœnix Ins. Co.* 137 N. Y. 389, 398.

*Exceptions sustained.*