J. I. BROWN & another *vs.* ISADORE W. BISHOP.

Suffolk.    October 17, 1916. — November 29, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Payment.    Bills and Notes.    Judgment,* Entry of.

Where the negotiable promissory note of a third person indorsed by a debtor is delivered by such debtor to his creditor as conditional payment only, to be credited as payment of the debt when such note is paid, the creditor, if he has not negotiated such note and it is overdue and unpaid, can surrender it and recover the amount of his debt.

Where in an action on the debt in such a case it appears that the note has not been surrendered to the defendant and, upon a demand by the defendant for its surrender, the plaintiff is unable to produce the note because he has lost or mislaid it, it is right for the trial judge to order judgment for the plaintiff and to order that the entry of such judgment be stayed until the note is filed in court by the plaintiff.

*Whether,* if the plaintiff in such a case should fail to file the note, he would be entitled to judgment on giving a sufficient bond, here was mentioned as a question that was not before the court.

CONTRACT on an account annexed for $23.30 and interest for goods sold and delivered to the defendant between March 22 and April 7, 1912.  Writ in the Municipal Court of the City of Boston dated October 8, 1915.

The answer, besides a general denial, set up the defence of payment.

At the trial in the Municipal Court the defendant admitted the sale and delivery, and the price of the goods, and the case was tried on the single issue of payment.

The following is quoted from the report mentioned below: "There was evidence to the effect that, after the debt accrued and on or about January, 1913, the plaintiffs accepted from the defendant a promissory negotiable note for $27.30, made by a third party to the defendant's order, and indorsed by him to the plaintiffs, and to be credited as payment of the debt when paid; that before maturity of said note, the plaintiffs received several payments on account of said note, but that the entire amount of said note was not paid."

The defendant in open court demanded from the plaintiffs the

return of the note, but the plaintiffs then failed and refused to surrender it to him, stating that the note was either lost or mislaid by them.

The above was all the material evidence offered in the case, and the defendant asked the judge to make nine rulings, of which the judge made the second and third. The other rulings requested and the disposition of them by the judge were as follows:

"1. That upon all the evidence in the case the plaintiffs cannot recover." The judge: "If this means they cannot now have judgment, I give it. If it means they cannot have a finding, I refuse it."

"4. That, if the plaintiffs were not induced by fraud of the defendant to accept said note as payment, the taking of said note by the plaintiffs constituted payment of the debt, although the plaintiffs thereafter failed to realize anything on said note." The judge: "Refused, see special findings."

"5. That the plaintiffs must prove, not only an intent to defraud them by the defendant, but that they actually have been misled by the deceit of the defendant when they accepted said note." The judge: "Refused, I find the note was taken as conditional payment only."

"6. That an acceptance by a creditor of another promise as payment is valid." The judge: "Refused, this is vague and does not fit the evidence."

"7. That if the plaintiffs have not in their possession the said note given them by the defendant at the commencement of this action and they fail to surrender the said note to the defendant at the trial, in court, it is presumed that the said note was given and accepted as payment of the debt." This was refused by the judge.

"8. That there can be no recovery while the said note is outstanding in the hands of a third person, who has a right of action upon it." The judge: "Refused, it is not found that any third party has the note."

The judge made the following memorandum of findings:

"I find that the plaintiffs have proved their issues and would now be entitled to judgment for the amount claimed except for these facts: after the debt accrued the defendant gave the plaintiffs and they accepted, to be credited as payment of the debt

when paid, a note for the amount of the debt made by a third party to the defendant's order and by him indorsed to the plaintiffs. This note has not been paid and the plaintiffs have lost or mislaid it. I order judgment stayed until they file that note in court for the use of the defendant."

The judge also ordered a finding to be entered for the plaintiff for the amount claimed, and, at the request of the defendant, reported the case to the Appellate Division for determination.

The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*N. Barnett,* for the defendant.

No counsel appeared for the plaintiffs.

BRALEY, J. The defendant having admitted the sale and delivery of the goods, nothing remained but the issue of payment.

It is settled that where a debtor delivers to his creditor for the whole amount of his indebtedness the promissory note of another as in the case at bar, there is a presumption that it is received in payment. But this presumption may be rebutted by showing that the plaintiff did not intend to extinguish his original demand or claim; and the finding on evidence not reported, that the promissory note of a third party, payable to the defendant's order and indorsed by him to the plaintiffs, was taken only as conditional payment, disposes of this defence. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 94, and cases cited.

The fourth, fifth, sixth and seventh requests were properly denied. If the plaintiffs had negotiated the note, there could be no recovery while it was outstanding in the possession of a third person who had the right to collect it. *Morton* v. *Austin,* 12 Cush. 389. But, there being no evidence of negotiation, the eighth request could not have been given.

The report states that the defendant in open court demanded of the plaintiffs a return of the note, "but the plaintiffs then failed and refused to surrender" the note, stating that it "was either lost or mislaid by them." The defendant thereupon by the first request asked the judge to rule that "upon all the evidence . . . the plaintiffs cannot recover." The judge ruled, "If this means they cannot now have judgment, I give it. If it means they cannot have a finding, I refuse it," and the defendant contends that the request should have been given without modifica-

tion. It is true that so long as the note is outstanding the defendant not only may be exposed to the hazard of being obliged to pay a second time but may suffer inconvenience from the loss of the instrument if he brings an action against the maker; yet the debt for which he has been held liable had not been ended. If instead of suing on the account the action had been brought on the defendant's indorsement, the plaintiffs could have had judgment on giving a bond of indemnity. *Fales* v. *Russell,* 16 Pick. 315. *Hinckley* v. *Union Pacific Railroad,* 129 Mass. 52. And, while upon the record the note should be surrendered, the order staying judgment until the plaintiffs produce and file the note in court affords the defendant sufficient protection. See *Davis* v. *Parsons,* 157 Mass. 584, 588.

The question, whether the plaintiffs upon giving bond would be entitled to judgment if they fail to file the note, is not before us. *Tuttle* v. *Standish,* 4 Allen, 481.

*Order dismissing report affirmed.*