GEORGE W. ABELE, trustee, *vs.* S. A. MEAGHER COMPANY & others.

Norfolk, March 9, 1917. — June 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Bankruptcy,* Rights of trustee.  *Equity Jurisdiction,* Minority stockholder's bill. *Corporation.*

In a suit in equity by a trustee in bankruptcy to compel the transfer to him of three hundred shares of the par value of $10 each of a certain corporation, which had been issued to the wife of the plaintiff's bankrupt on the payment by her of $1,000 in cash, it appeared that the corporation in question was a family concern that had been organized some time before the bankruptcy to take over and conduct the business formerly carried on by the bankrupt, two hundred shares having been issued to the bankrupt which had come into the possession of the plaintiff as his trustee.  The bill contained no offer to rescind the transaction or to return to the wife of the bankrupt the $1,000 paid by her, and the trial judge found that no such offer was made.  There was no finding that the shares in the corporation held by the plaintiff had been depreciated in value or that the necessary working capital of the corporation had been impaired by the failure of the wife of the bankrupt to pay in cash the remainder of her subscription for the shares issued to her. The judge found that the transaction complained of by the plaintiff took place some seventeen months before the adjudication in bankruptcy and when all the incorporators and all the stockholders in the corporation, including the bankrupt, with full knowledge of the circumstances assented to the issuing of the stock.  No attempt nor intention to mislead or defraud the public by placing valueless stock on the market was shown or even suggested.  The judge made a decree dismissing the bill.  *Held,* that the decree was right.
In the case above described it was *said* that the question what, if any, remedy the plaintiff might have against the president, treasurer and directors of the corporation under St. 1903, c. 437, § 14, upon showing actual damages caused to him by the issuing of the stock when not fully paid for, was not before the court.
In the same case it was *said* that under the circumstances disclosed by the evidence the plaintiff, as a trustee in bankruptcy, notwithstanding the amendment of 1910 to the bankruptcy act of 1898, had no greater rights or equities than his bankrupt would have had in a similar suit if not a bankrupt.

BILL IN EQUITY, filed in the Superior Court on October 3, 1916, by the trustee in bankruptcy of the estate of Francis T. Meagher of Milton, praying among other things that an issue of three hundred shares of the S. A. Meagher Company, a corporation, to Katherine A. Meagher, the wife of the bankrupt, such shares "not having been paid for in full at the time they were issued or since," be declared to have been made illegally and that the plaintiff as trustee be declared to be the sole owner of all the capital stock of that corporation.

The case was heard by *Jenney*, J., who filed a finding of facts, containing the facts that are stated in the opinion. He ordered that a decree be entered dismissing the bill as to all the defendants without costs. From the final decree entered in accordance with this order the plaintiff appealed.

U. S. St. 1910, c. 412, § 8, amended § 47a (2) of the bankruptcy act of 1898, by adding to it the following: "and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

*G. W. Abele*, trustee, *pro se.*

*G. W. Reed*, for the defendants.

BRALEY, J. It appears that the corporation was organized as a family concern to take over and conduct the business formerly carried on by the defendant Francis T. Meagher, the bankrupt, of whom the plaintiff is trustee. Its capital consisted of five hundred shares of common stock of the par value of $10 each, which has all been issued, and no controversy arises over the validity of the issuance of two hundred shares to Francis, which are now in the possession of the plaintiff. But, the judge having found that the issue of the remaining three hundred shares to the defendant Katherine A. Meagher or her appointees upon the payment by her of $1,000 in satisfaction of her subscription for the full amount at par "was wholly unjustifiable, and that three hundred shares ought not to have been issued to her or her appointees," the plaintiff seeks to have these shares returned to the corporation

for cancellation, and asks that he may be decreed to be the sole stockholder.

It should be borne in mind that no question of the right of a trustee in bankruptcy to reach property fraudulently conveyed by the bankrupt is before us. If under *Callahan* v. *Israel*, 186 Mass. 383, the plaintiff can bring suit without first obtaining permission of the bankruptcy court, yet in the case at bar he stands on the footing of a minority stockholder asserting alleged rights of the corporation, which is powerless to act, because under the by-laws its administrative machinery is controlled by a hostile board of officers, to whom an application for the calling of a special meeting of the stockholders to take action would be futile.

If however the relief asked for were deemed appropriate, the corporation under the findings of fact, which are conclusive as the evidence has not been reported, would not be entitled to a return of the three hundred shares, for no offer to rescind, or to refund the amount paid, is alleged in the bill, and the judge finds that such an offer has never been made. *Corey* v. *Independent Ice Co.* 226 Mass. 391, 394. Nor is there a finding that the value of the stock held by the plaintiff is depreciated, or that the necessary working capital was impaired by the failure of Mrs. Meagher to pay in cash the remainder of her subscription. It is also expressly found, that the transaction of which the plaintiff complains in behalf of the company took place some seventeen months before the date of adjudication, when all the incorporators and stockholders, including the bankrupt, with full knowledge of the circumstances, assented to the issue of the stock. No attempt or intention to mislead or defraud the public by placing valueless stock on the market is shown, or even suggested, and being owners in common of all the capital stock they could as between themselves distribute it in the proportions appearing in the record. *Lorillard* v. *Clyde*, 86 N. Y. 384. *Flinn* v. *Bagley*, 7 Fed. Rep. 785. *Scovil* v. *Thayer*, 105 U. S. 143, 153.

What, if any remedy, the plaintiff may have against the president, treasurer and directors who by St. 1903, c. 437, § 14, are made jointly and severally liable "for actual damages caused to him by such issue," namely, the issuance of stock which has not been fully paid for, is a question not before us.

Manifestly the bankrupt could not have maintained the present

suit, and, under the circumstances here disclosed and notwithstanding the amendment of 1910 to § 47a (2) of the bankruptcy act, the plaintiff as his trustee is not clothed with any superior equities or rights. *Bennett* v. *Aetna Ins. Co.* 201 Mass. 554, 556. *Security Warehousing Co.* v. *Hand,* 206 U. S. 415, 423.

The decree dismissing the bill should be affirmed with costs of the appeal.

*Ordered accordingly.*