### SUSIE A. MAYNARD *vs.* SADIE L. SUITOR SAVAGE.

Franklin. September 19, 1928. — January 30, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Adequate remedy at law. *Equity Pleading and Practice*, Appeal.

The plaintiff in a bill in equity against a woman alleged that in 1913 the plaintiff owned and had possession of a promissory note signed by the defendant and her husband and secured by a mortgage of real estate; that seven years later, at the request of the defendant and her husband and upon their promise to give her their note for the same amount without security and to "pay her the sum of seven per cent per annum, payable semiannually," she discharged the mortgage and received from them a paper "as a note" which she later found out was but "an agreement to pay a certain sum of money semi-annually"; that the defendant informed the plaintiff that the original note was destroyed by her. There was no allegation that the note was so destroyed or, if destroyed, when it was destroyed. The prayers of the bill were that it be determined that the original note wrongfully was removed from the plaintiff's possession and wrongfully was destroyed by the defendant; that the debt due the plaintiff from the defendant be determined, and that the defendant be ordered to pay it with interest. The defendant demurred on the ground that the plaintiff had a plain, adequate and complete remedy at law. The demurrer was sustained. *Held*, that the demurrer rightly was sustained.

An appeal from an interlocutory decree sustaining a demurrer to a bill in equity properly brings the suit to this court under G. L. c. 231, § 96.

BILL IN EQUITY, described in the opinion, begun in the Superior Court by a writ of summons and attachment dated October 15, 1927.

The defendant demurred. The demurrer was heard in the Superior Court by *Burns*, J., who ordered it sustained and allowed the plaintiff "fifteen days to amend." No motion to amend was filed, but the plaintiff appealed from the order. Later, an interlocutory decree sustaining the demurrer was entered by order of *Callahan*, J., from which the plaintiff appealed.

The case was submitted on a brief by

*W. A. Davenport & W. L. Davenport*, for the plaintiff.

No argument nor brief for the defendant.

PIERCE, J.    This is an appeal from an interlocutory decree sustaining the defendant's demurrer.   In substance the bill alleges that the plaintiff on July 1, 1913, was the owner of and had in her possession a note for $2,800, which was signed by Henry A. Suitor (the husband of the defendant) and by Sadie L. Suitor, and was secured by a mortgage of real estate. The terms of the note are not stated in the bill.   On June 16, 1920, at the request of the defendant and her husband and upon their promise to give her their note for $2,800 without security and to "pay her the sum of seven per cent per annum, payable semiannually," she discharged the mortgage, and received from them a paper "as a note" which she later found out was but "an agreement to pay a certain sum of money semi-annually."   The bill does not give the form of note which she supposed was given her or the form of the agreement which was in fact given her.   The bill further alleges that the defendant Sadie L. Suitor Savage informed the plaintiff that the said $2,800 note was destroyed by her. There is no allegation that the note was so destroyed or, if destroyed, when it was destroyed.

The bill prays (1) "that it be determined that said note was wrongfully removed from the plaintiff's possession and was wrongfully destroyed by the defendant"; (2) "That the debt due to the plaintiff from the defendant may be determined to be the sum of $2,800 with interest thereon from May 1st 1927 to the date of such determination"; and (3) "That a decree may be entered ordering and directing the defendant to pay to the plaintiff the sum of $2,800 with said interest and for such further orders and decrees in the premises as justice and equity may require."

The defendant demurred to the bill, and assigned for causes of demurrer: (1) "That the plaintiff has not stated a case which entitles her to equitable relief"; (2) "That this court is without jurisdiction to consider the matters and things alleged in said bill of complaint"; (3) "That the plaintiff is not entitled to equitable relief for the matters and things set forth in the plaintiff's bill of complaint"; (4) "That the plaintiff is guilty of laches in enforcing or attempting to

enforce any alleged claim against the defendant"; (5) "That the plaintiff has a plain, adequate and complete remedy at law."

The demurrer was sustained rightly at least on the assignment of causes numbered 5. If any cause of action at law or in equity is stated in the bill it is that the defendant, at some indefinite time after June 16, 1920, and before October 15, 1927, the date of the writ in this suit, converted to her own use a note of $2,800 which was signed by the defendant and another and was enforceable against them as makers, by reason of their failure to give a note in replacement thereof as they had agreed to do. On the facts stated the plaintiff had a right of action at law without the production of the note at the trial, and a decree of a court of equity was not needed to assist the plaintiff in acquiring the redelivery of the note which, on the allegations of the bill, was then destroyed. *Munroe* v. *Weir*, 177 Mass. 301. G. L. c. 214, § 3 (1).

The case is properly before us on the authority of *Siciliano* v. *Barbuto*, 265 Mass. 390, 393, and cases collected.

*Decree affirmed with costs.*