CARL H. KOTHE *vs.* PHOENIX MUTUAL LIFE INSURANCE COMPANY.

Suffolk.    May 21, 1929. — November 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Insurance*, Life.    *Assignment.*

The assignee, after a sale to him under a decree in a suit in equity of the rights of an insured under a policy of life insurance which provides that the insurer has a right to change the beneficiary of the policy and contains a clause that after the payment of premiums for two years the insurer will purchase the policy for its cash value "on satisfactory release by the insured and assigns and surrender at the Home Office while it is in force, or within the thirty-one days of grace herein-

before provided," cannot recover in an action of contract against the insurer under such clause unless he surrenders the policy as therein provided if it does not appear that such surrender is impossible, although it appears that the insured has absconded, that his whereabouts are unknown, and that the plaintiff never has had possession of the policy.

Decisions to the effect that a plaintiff may recover in an action upon a promissory note which he is unable to produce and file in court if he furnishes a bond of indemnity sufficient to protect the defendant against further liability under the note were *held* not applicable to the facts above described.

CONTRACT upon a policy of life insurance. Writ dated November 27, 1928.

In the Superior Court, the action was heard by *Bishop*, J., without a jury. Material facts and rulings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $496.70. The defendant alleged exceptions.

*W. I. Badger*, for the defendant.

*F. H. Pardee*, for the plaintiff.

CROSBY, J. This is an action of contract to recover the cash surrender value of a policy of life insurance issued by the defendant November 8, 1921, on the life of one Theodore N. MacKay. Section 13 of the policy in part is as follows: "At any time after the premiums for two years have been paid the Company will purchase this policy for its cash value on satisfactory release by the insured and assigns and surrender at the Home Office while it is in force, or within the thirty-one days of grace hereinbefore provided."

The policy was issued apparently by a foreign company. It does not appear from the record whether it was issued in this Commonwealth or elsewhere. If it was issued or delivered in Massachusetts by a foreign company the form of the policy must have been approved by the insurance commissioner. G. L. c. 175, § 132, as amended by St. 1927, c. 93, § 2. If it was issued by a domestic life insurance company a clause similar to the one above quoted would have been required by G. L. c. 175, § 144. In any event, wherever the policy was issued and delivered, the above quoted clause was a part of the contract and binding upon the parties.

It appears from the record that MacKay had occupied a

position of trust in the employ of the plaintiff and had appropriated to his own use certain funds of his employer.  Previously to the bringing of this suit the plaintiff had brought a creditor's bill in the Superior Court to reach and apply certain assets of MacKay, including the cash surrender value of the policy issued to him by the defendant.  On June 1, 1928, a final decree was entered in that suit establishing the indebtedness of MacKay to the present plaintiff in the sum of $3,225, ordering the payment of the same and in default of payment appointing a special master to sell the policy at public auction and to deliver an assignment of the same to the purchaser.  Pursuant to this decree the special master, on August 10, 1928, purported to sell all the right, title and interest of MacKay in the policy, and executed an assignment of such interests to the plaintiff.  Notice of the assignment was given to the defendant.  On September 8, 1928, demand was made by the plaintiff for the cash value, which the defendant refused to pay without surrender of the  policy. The defendant denies liability to pay such surrender value on the sole ground that the plaintiff has not tendered the policy to it.

At the hearing of the case before a judge of the Superior Court it was agreed "That due and sufficient notice of the assignment referred to in the report of the special master was given to the defendant, and on September 8, 1928, demand for the then cash surrender value was made by the plaintiff on the defendant. . . .  That at all times subsequent to the decree entered in the original suit in equity the whereabouts of the said Theodore N. MacKay were unknown to either party. . . . That at no time prior to September 8 was any notice of any assignment under this policy received by the defendant. . . . That no loan to the said MacKay upon said policy has been made at any time by the defendant. . . . That no surrender of the policy itself or any tender of such surrender has been made by any person at any time to the said defendant. . . . That the assured under the terms of the policy had the right to change the beneficiary . . . . That the plaintiff has never had possession of the policy."

At the conclusion of the hearing the defendant presented the following requests for rulings: "Now comes the defendant in the above entitled action and requests the court to rule as follows: 1. Upon all the evidence the plaintiff is not entitled to recover. 2. The surrender of the policy referred to in the plaintiff's declaration within the provisions of Section 13 . . . is a condition precedent to the right of the insured or of the plaintiff in this action or of any other person to recover the cash surrender value of the policy." These requests were denied, and a finding was made in favor of the plaintiff in the sum of $485.63, the cash surrender value on September 8, 1928, the date of the demand, together with interest thereon, making a total of $496.70. The defendant excepted to the refusal of the judge to rule as requested.

The policy is a nonnegotiable chose in action, with the right to receive in the future a certain sum of money upon the happening of certain contingencies. *Herman* v. *Connecticut Mutual Life Ins. Co.* 218 Mass. 181, 185.

It is settled that the interest of the insured in a life insurance policy is a property right which ordinarily can be reached and applied by a creditor. It was said by Hammond, J. in *Alexander* v. *McPeck*, 189 Mass. 34, at page 44, that "the statute should be broadly construed and that if the value of either of these rights can be ascertained either by sale or appraisal, it is within the statute; and that for the purposes of the statute the value of each of them can be ascertained by sale or by some other means within the ordinary procedure of the court." *Anthracite Ins. Co.* v. *Sears*, 109 Mass. 383. *Blinn* v. *Dame*, 207 Mass. 159, and cases cited at page 166.

It is a general rule that the parties to a contract are bound by its terms expressed in plain and unequivocal language. Under the terms of the assignment the plaintiff has all the right, title and interest that were originally vested in the insured, but he has no greater rights. It is plain that compliance with the surrender clause in a contract of insurance is a condition precedent to recovery. *Boruszweski* v. *Middlesex Mutual Assurance Co.* 186 Mass. 589, 590. *Smith* v.

*Scottish Union & National Ins. Co.* 200 Mass. 50, 53. *Nichols v. Continental Ins. Co.* 265 Mass. 509, 512. An attaching or execution creditor or a trustee in bankruptcy can have no greater rights in this respect than could the insured. It has been held that a trustee in bankruptcy is bound by clauses of this nature to the same extent as the insured. *Bennet* v. *Ætna Ins. Co.* 201 Mass. 554, 556. See also *Coggan* v. *Ward*, 215 Mass. 13, 16; *Abele* v. *S. A. Meagher Co.* 227 Mass. 427, 429, 430. The case at bar is governed by the principles declared in *Johnson* v. *Phœnix Ins. Co.* 112 Mass. 49, to the effect that stipulations in insurance policies constitute conditions which must be complied with by the insured before there can be recovery from the insurer. The circumstance that the insured debtor has absconded will not justify us in holding that the defendant cannot rely upon the terms of this contract. No facts appear in the record which show that the surrender of the policy is impossible, as appeared in the cases cited by the plaintiff. See *Liverpool & London & Globe Ins. Co.* v. *Kearney,* 180 U. S. 132. The conclusion reached that there is nothing in the record to warrant us in holding that the clause is not binding is expressly supported by *Hilliard* v. *Wisconsin Life Ins. Co.* 137 Wis. 208, and inferentially by *Blume* v. *Pittsburg Life & Trust Co.* 263 Ill. 160, 163, 164. Cases which hold that a plaintiff may recover if he furnishes a sufficient bond of indemnity to protect the defendant against further liability under the contract are not applicable to the facts in the case at bar. See *Freeman* v. *Boynton,* 7 Mass. 483, 485; *Fales* v. *Russell,* 16 Pick. 315; *Tuttle* v. *Standish,* 4 Allen, 481; *Hinckley* v. *Union Pacific Railroad,* 129 Mass. 52, 56; *Munroe* v. *Weir,* 177 Mass. 301, 302; *Brown* v. *Bishop,* 225 Mass. 276, 279. It follows that there was error in the denial of the defendant's second request for ruling.

*Exceptions sustained.*