Pettingell, P. J.
Action of contract in two counts each based on the sale of a piece of land by the plaintiff to the defendant. The answer is a general denial and payment.
The trial judge made the following Findings of Facts:
“Defendant agreed to buy and plaintiff agreed to sell an undivided interest in certain real estate, at a price of $400.
‘ ‘The parties met in an attorney’s office. A deed was prepared, transferring the property, and the plaintiff signed it. The grantee named in the deed was the defendant’s wife. Plaintiff did not notice the fact. The money was not paid that day. A few days later the defendant gave the plaintiff a note, dated August 9, 1943 for the sum of $400 payable in instalments signed by the defendant’s wife on which the defendant’s name was written as within. This note is marked Exhibit 1 and may be referred to. Plaintiff asked defendant why the wife’s name ‘was on the note’ saying he wasn’t doing business with the wife. Defendant said that was just ‘for protection’ that he himself was going to pay the money. Subsequently the defendant paid plaintiff, by personal checks fifty dollars in two payments, of *184 $25.00 each; and gave plaintiff credit for $25 more, by allowance of that amount of money which plaintiff owed defendant as commission for selling a store. Defendant also paid plaintiff $5.50 ‘on account of interest’. At the time these payments were made defendant wrote out and defendant signed receipts which read ‘Received of (the defendant’s wife) the sum of etc.’
‘ ‘ Defendant represented to the plaintiff, by his words and actions, and the plaintiff believed and understood, that the defendant’s use of the wife’s name was merely ‘for protection’ and that the defendant was the real party in interest and not his wife. I find that the note given to the plaintiff was not given or received as ‘payment’ but merely as evidence of the defendant’s obligation to pay the plaintiff $400 for the property conveyed.
“I find for the plaintiff on the second count of the declaration in the sum of $325 with interest from April 1,1945 at the rate of five percent.”
The defendant requested the following rulings:
“1. Upon all the evidence and the pleadings the plaintiff is not entitled to recover for the following reasons : (a) The plaintiff accepted a promissory note in payment of any indebtedness, (b) The execution and acceptance of a promissory note merged any claim that the plaintiff had for the purchase price into the note and the acceptance of the note by the Plaintiff constituted payment of the original obligation. 2. The acceptance of a promissory note for the amount of a debt is payment of that debt. 3. If a person accepts a promissory note of another in the amount of a debt due by a third person, then the promissory note so aceepted is payment of that obligation. ’ ’
These requests for rulings were disposed of by the trial judge, as follows:
The “defendant’s requests for rulings of law Nos. 1, 2 and 3 are refused in view of the above findings of fact. ’ ’
It is to be noted that each of the defendant’s requests is based upon the “acceptance” of the note given by the de *185 fendant, signed by Ms wife. The trial judge expressly found “that the note was not given or received as ‘payment’ but merely as evidence of the defendant’s obligation to pay the plaintiff $400 for the property conveyed.” The trial judge thus finds as a fact that the note was not accepted.
In Ely v. James, 123 Mass. 36, at 44, the court said:
“The rule in Massachusetts is that the giving of a negotiable promissory note is evidence of payment of pre-existing debt, and sufficient where there was nothing to defeat the inference, or show that such was not the intention of the parties...........The Massachusetts rule was applied to the note of a third person given for a pre-existing debt in Wiseman v. Lyman, 7 Mass. 286, and was so recognized as so applicable in French v. Price, 24 Pick. 13, 21, and in Butts v. Dean, 2 Met. 76. It is too late for this court to change the rule. ’ ’
“Whether or not the note made by C, the respondent’s son and agent, and given to the petitioner, was received as a payment, was a question of fact to be decided upon the evidence. In this Commonwealth the giving of a negotiable promissory note is sufficient evidence of payment of a pre-existing debt, where there is nothing to rebut the inference ordinarily drawn from it. And this is true whether the note is made by the debtor or by a third person.” Quimby v. Durgin, 148 Mass. 104, at 108.
“The rule in Massachusetts in simple contract debts, is that a promissory note given by a debtor to his creditor is presumed to be a payment; that the presumption is one of fact and not of law, wMch may be rebutted and controlled by evidence that such was not the intention of the parties.” Brewer Lumber Co. v. Boston & Albany Railroad, 179 Mass. 228, at 234. See American Malting Co. v. Southern Brewing Co., 194 Mass. 89, at 94, and cases cited.
In the case at bar the finding of the trial judge is that the note taken by the plaintiff was not intended by the parties *186 tti be payment of the debt. His finding of fact made the three rulings requested by the defendant inapplicable. J. G. Pierce Co. v. Wallace, 251 Mass. 383, at 384. Reid v. Doherty, 273 Mass. 388, at 389: Mahoney v. Norcross, 284 Mass. 153, at 153, 154. Cameron v. Buckley, 299 Mass. 432, at 434. As no request for a ruling challenges the sufficiency of the evidence to warrant the findings of fact of the trial judge, his findings must stand.
The defendant, however, has argued orally that the plaintiff accepted the note by bringing suit upon it. It appears from the report that although there was a default in the action brought on the note it never has gone to judgment.
Assuming that this question is open to the defendant, there being nothing in the report to show that the question was raised at the trial in the lower court, or was called to the attention of the trial judge, was ever passed upon by him or was intended by him to be included in the report, we find no error. The note was given by the defendant and wife on their own motion. The plaintiff while not accepting it as payment had rights in it. It was not an acceptance as matter of law for him to treat it as security or to negotiate it. Davis v. Parsons, 157 Mass. 584, at 587; if the defendant had gone into bankruptcy, it would not have been as matter of law an acceptance of the note if the plaintiff had proved a claim against the defendant’s estate upon it. Ely v. James, 123 Mass. 36, at 45. See Gardner v. Bern, 124 Mass. 347, at 348.
The vital matter about the note is that before the plaintiff could secure a judgment in an action such as this on the original claim against the defendant, it was necessary that the note must be in the plaintiff’s possession and available for surrender to the court.
This particular point was expressly decided in Brown v. Bishop, 225 Mass. 276, at 278. The plaintiff sued in contract *187 on an account annexed for goods sold and delivered. It appeared that the defendant had given the plaintiff the note of a third person, to be credited when paid. The defendant demanded in open court the production of the note which the plaintiff failed and refused to surrender, stating that the note had been lost or mislaid. The defendant asked for a ruling that the plaintiff could not recover without surrender of the note. The trial judge said that the plaintiff could recover without surrender of the note but that judgment would be stayed until the note was filed in court for the defendant’s use. Tozier v. Crafts, 123 Mass. 480, at 483.
Following these decisions, no prejudicial error appearing, the report is to be dismissed, but judgment is to be stayed until the plaintiff files in court for the use of the defendant, the note for $400, made by the defendant’s wife, at the time of the sale of the real estate and delivered to the plaintiff by the defendant.