**Louis Pogline and Frank Cerk, Trading as DeLuxe Cab Company, for the use of Lydia Luukkonen, Appellee, v. Central Mutual Insurance Company of Chicago, Appellant.**

Gen. No. 8,915.

6

Heard in this court at the February term, 1935. Opinion filed March 22, 1935. Rehearing denied May 11, 1935.

HERMAN C. LITCHFIELD, of Waukegan, for appellant; HARTLEY E. LACHAPELLE, of counsel.

EDWARDS, BLOCK & BAIRSTOW, of Waukegan, for appellee; J. E. BAIRSTOW and JOHN V. MOORADIAN, of Waukegan, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On July 3, 1932, Lydia Luukkonen was injured in an automobile accident occasioned by the negligent driving of Raymond Bahling, a Buick taxicab driver, the car being owned by Frank Cerk and Louis Pogline, doing business as the DeLuxe Cab Company. Subsequently, on May 19, 1933, Lydia Luukkonen recovered a judgment in the Lake county circuit court against the owners for $2,500. An execution was issued on July 5, 1933, and returned by the sheriff of Lake county on October 5, 1933, "no property found." Thereafter this proceeding in garnishment was instituted against appellant, resulting in a judgment in favor of Cerk for the use of the beneficial plaintiff and against appellant for $2,500 and the record is brought to this court for review by appeal.

The policy of insurance in force on July 3, 1932, indemnified Cerk for the negligent operation of the

Buick taxicab. It was issued by appellant, covered the Buick taxicab and insured Cerk to the extent of $2,500 against liability for any injury to any person resulting from the negligence of himself or agents. It stated that it was issued pursuant to the provisions of the Motor Vehicle Law, Cahill's St. ch. 95a, and that the liability assumed is that appellant "shall and will pay and satisfy all final judgments (subject to the company's limit of liability expressed in the above insuring paragraph) rendered against said owner for such injuries or death and suit may be brought in any court of competent jurisdiction upon this policy of insurance by the owner of any such judgment."

It is the contention of appellant that its policy was issued pursuant to the provisions of the Motor Vehicle Law and that the clause in the policy and statute which provides that suit may be brought in any court of competent jurisdiction upon the policy of insurance by the owner of any judgment creates a third party beneficiary contract, designates the beneficiary and that the word "may" therein should be interpreted as "shall" and as so construed the only remedy the beneficiary has of enforcing the contract made for her benefit is by a common law action and not by garnishment proceedings.

The policy issued by appellant to Cerk contained the requisite statutory provisions, insuring the owner of the automobile against any liability for any injury to any person resulting from the negligence of the owner or his agent in the operation of the car. It obligated appellant to pay and satisfy any final judgment rendered against the owner for any such injury. The inquiry in this garnishment proceeding is: What, if anything, is due from the garnishee to Cerk under the terms of this contract of insurance? The rule in this State is that a judgment creditor by garnishment proceedings may recover only such indebtedness as his debtor might recover in an action of debt or in an action in assumpsit against the garnishee. *Wold*

*v. Glens Falls Indemnity Co.,* 269 Ill. App. 407. Appellant concedes this to be the law, but insists that inasmuch as the statute further provides that a policy of insurance given thereunder shall provide that suit may be brought in any court of competent jurisdiction upon such insurance policy by the owner of such judgment, that it is not liable in this proceeding, the remedy of the owner of the judgment being an action at law upon the insurance policy. All the statute says is that suit may be brought by the owner of the judgment upon such policy. We do not believe that it was the intention of the legislature or of appellant or the insured in this policy to restrict the owner of the judgment in the pursuit of any remedies that might be open to him, nor is there any reason suggested why the word "may" as used in the statute and in the policy should be construed to mean "shall." No rights are taken away from appellant by permitting the owner of the judgment to institute garnishee proceedings. She can only recover such indebtedness as Cerk might have recovered in an action upon the contract of insurance. The failure of appellant to pay the judgment rendered against Cerk was a breach of the condition of its contract and by reason thereof appellant became indebted to Cerk for the full amount of its policy, for the recovery of which Cerk could have maintained an action. *Nolan v. Illinois Automobile Ins. Exchange,* 219 Ill. App. 531.

In *Bartkowski v. Commercial Casualty Ins. Co.,* 275 Ill. App. 497, it appeared that Stephanie Block had recovered a judgment against John Bartkowski for injuries received by her by reason of the negligent operation of an automobile owned by Bartkowski. The Commercial Casualty Ins. Co. had issued a policy of insurance to Bartkowski, which insured him from liability imposed by law on account of injuries suffered by any person by reason of the negligent operation of his automobile and a clause therein provided that an

action may be maintained by the injured person against the company, under the terms of the policy, for the amount of the judgment, not exceeding the amount of the policy. Stephanie Block, as beneficial plaintiff, instituted garnishment proceedings against the Insurance Company to recover the amount of her judgment against Bartkowski, and the company there contended that garnishment would not lie, and that the judgment creditor should have brought her suit directly against the company under the provisions of the policy. In holding otherwise, the court said: "The garnishee earnestly insists that Stephanie Block could not proceed against it except under clause 'C' of the policy, which it points out afforded her a direct right of action against the insurer for the amount of her judgment against the assured. It is true that, under the terms of the policy, she had the right to maintain an action directly against the insurance company to enforce her judgment against Bartkowski because of his insolvency, but we are constrained to hold that such right of action was not exclusive. The garnishee while conceding in effect the beneficial plaintiff's right to the payment of her judgment, in the absence of proof of fraud, if she had proceeded directly against it as provided in clause 'C' of the policy, asserts that it is fearful that if the judgment in this cause is affirmed it will be compelled to pay the amount of same to Bartkowski, the nominal plaintiff, who has suffered no loss and who would in all likelihood retain the amount so paid. It asserts further that it would in that event be subjected to another action by Stephanie Block under the insolvency provision of the policy. This position is untenable and defendant may relieve itself of any anxiety in that regard by paying the amount due under the judgment to the beneficial plaintiff and it will be fully protected under the law. We fail to perceive what particular difference it makes to the company whether the beneficial plaintiff's judg-

ment against the assured is enforced through garnishment proceedings or through direct action by her against the company. In no event could it be compelled to assume the liability of this judgment and meet its obligation more than once.''

Counsel for appellant insist that in the *Bartkowski* case the policy provided for a direct right of action by a third party on the policy, only in event of bankruptcy or insolvency of the assured, while in the instant case there is no such limitation, and furthermore that the contract in the *Bartkowski* case was a voluntary negotiation of the parties, while here the contract is a restatement of the statutory provisions and was involuntary in the sense that assured was obliged, in order to remain in business, either to enter into a bond or procure insurance as provided by the statute. In our opinion the instant case is not distinguishable from the *Bartkowski* case and there is no merit in appellant's contention. As stated in the *Bartkowski* case, we do not believe the provision of the policy to the effect that the beneficial plaintiff here could have maintained an action directly against appellant to enforce her judgment against Cerk precludes her from maintaining this proceeding. The right of action given by the policy and the statute are not exclusive and we are unable to see what particular difference it makes whether the beneficial plaintiff's judgment against Cerk is enforced through this proceeding or through direct action against appellant.

It is not insisted that appellant has any defense on its policy against the assured, Frank Cerk, or that it is not indebted to him under the provisions of its insurance contract and under the authorities the judgment appealed from should be affirmed. *Jackson v. Bankers Indemnity Ins. Co.*, 277 Ill. App. 140 (certiorari denied by the Supreme Court).

<div align="right">

*Judgment affirmed.*