Kathryn H. Larson, Appellant, v. James W. McCormack et al., Appellees. Massachusetts Mutual Life Insurance Company, Appellee.

Gen. No. 38,836.

Opinion filed June 29, 1936. Rehearing denied July 10, 1936.

CHARLES M. HAFT, of Chicago, for appellant.

ECKERT & PETERSON, of Chicago, for certain appellee; TOM LEEMING, of Chicago, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, having obtained a judgment against James W. McCormack, garnished the Massachusetts Mutual Life Insurance Company, which answered disclaiming that it had any property or effects in its possession belonging to the defendant McCormack; upon trial the garnishee was discharged, and plaintiff appeals from this order.

In 1927 the insurance company issued its policy on the life of the defendant McCormack in the amount of $50,000; August 25, 1933, McCormack applied to the company for a loan on the policy; at about the same time the company received a letter written by the Chicago Title and Trust Company, the named beneficiary in the policy, purporting to release its rights in the policy. The application for the loan was duly acted upon, and on September 15, 1933, the home office of the company in Springfield, Mass., forwarded to the office of its agents in Chicago a check payable to the order of the defendant McCormack for $3,938.15, which represented the amount of the loan on the policy. This check was enclosed in a letter to its local agents, in which the company said that because the Chicago Title and Trust Company had disclaimed any further interest in the policy "it will be necessary for the insured to immediately nominate a new beneficiary. Enclosed you will find an amendment for the insured's signature calling for change to his estate to cover this point. . . . With the understanding that you do not allow any of our enclosures to be used or delivered until you have the enclosed amendment in your possession signed by the insured as instructed, we enclose check."

September 22nd the company was served with garnishment summons and filed its answers to interrogatories, saying there was no sum of money due Mc-

Cormack at this time and stated that there were no cash loan values due McCormack because he had not "complied with the terms and prerequisites necessary to be complied with before any of such cash surrender values should become due to the said defendant." It is conceded that McCormack never executed the amendment nominating a new beneficiary.

Plaintiff argues that the company was obligated, both under the statute and provisions in the policy, to make the loan to McCormack. Ill. State Bar Stats. 1935, ch. 73, ¶ 375 (par. 261, subpar. 6, ch. 73, Smith-Hurd Statutes) makes it obligatory upon a life insurance company to lend a sum equal to the reserve at the end of the current policy year, with certain reservations. The policy also provides to the same effect.

It has been held that garnishment cannot lie unless the garnishee is indebted to the judgment debtor without uncertainty or contingency at the date of the answer of the garnishee. *Wheeler v. Chicago Title & Trust Co.*, 217 Ill. 128. It is also the well settled rule that a fund is not subject to garnishment if the judgment debtor could not maintain an action therefor. *Supreme Order Iron Hall v. Grigsby,* 178 Ill. 57; *Swope v. McClure,* 239 Ill. App. 578.

There is no dispute as to the general principles of law involved. The decision rests upon whether the company had the right to impose, as a prerequisite to a delivery of its check to McCormack that he should nominate a beneficiary. The Chicago Title and Trust Company had disclaimed any interest in the policy. The policy specifically provides that any change of beneficiary shall become operative only when indorsed upon the policy at the company's home office, "pursuant to such form of request as the company may require." In *Sun Life Assur. Co. v. Williams,* 284 Ill. App. 222 (leave to appeal to Supreme Court denied), we held that such a provision is for the protection of the insurance company, to avoid a multiplicity of

claimants. When the Chicago Title and Trust Company disclaimed any interest in the policy there arose a question as to whom the proceeds of the policy should be paid in the event of the death of the insured. The company properly requested the insured to designate a new beneficiary. This was a justifiable precaution taken by the company to protect itself from the possibility of adverse claims to the $50,000 payable upon the death of the insured.

Moreover, there was a provision in the policy giving the company the right to defer making a loan to the insured for a period not exceeding 90 days from the date of the application, so that the company had the right and sought to ascertain, within this 90-day period, whether others had acquired any rights in the policy, and to have an amendment indorsed upon the policy showing the new beneficiary and his rights. In its letter enclosing the check the company clearly indicated that the loan was not to be consummated until this amendment was secured. It also should be noted that the garnishee summons was served upon the company long prior to the expiration of the 90 days, which is an additional reason why the judgment debtor could not within this period maintain an action against the company.

Plaintiff says that the statute above referred to requiring a life insurance company to make a loan, contains the provision that "no condition other than as herein provided shall be exacted as a prerequisite to any such loan," and that the statute provides no condition that the insured shall nominate a beneficiary as a prerequisite to a loan. It is well recognized that a garnishee has a right to protect himself from a liability which in fairness and justice he ought not to incur. The company had the right to protect itself from possible adverse claims of parties claiming as beneficiaries. It will be protected in its refusal to deliver the amount of the loan until this possible liability is

removed. *Gorham v. Massillon Iron & Steel Co.*, 284 Ill. 594. Moreover, the statute referred to also contains a provision that such loan may be deferred for not exceeding six months after the application therefor is made. Therefore the company had the right to withhold payment of the loan for a period of six months. The company was garnished within two weeks after it received McCormack's application.

Plaintiff presents the well known rule that if there is any ambiguity in the language of a policy the interpretation most favorable to the insured will be adopted. It is sufficient to say that there is no ambiguity in the language of the policy in question, and in any event plaintiff is not a party to the policy, so the rule does not apply.

We see no good reason to disagree with the holding of the trial court and the judgment is therefore affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.