LaClede E. Bethards for use of Draper & Kramer, Inc., Appellee, v. Metropolitan Life Insurance Company, Appellant.

## Gen. No. 38,427.

Opinion filed October 26, 1936.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

IVAN BARTON GOODE, of Chicago, for appellee; GEORGE A. GORDON, of Chicago, of counsel.

Mr. Justice Hall delivered the opinion of the court.

On October 20, 1934, Draper & Kramer, Inc., obtained judgment by confession in the municipal court of Chicago against LaClede E. Bethards for the sum of $600.10. On the same date garnishment summons issued against the Metropolitan Life Insurance Company. Thereafter, the Metropolitan Life Insurance Company as such garnishee filed an answer, in which it denied that it was indebted to Bethards. After a hearing on May 3, 1935, the court found against the garnishee, and entered judgment against the company for $74.21. The case was tried upon the following stipulation of facts:

"That the Metropolitan Life Insurance Company, a corporation, on or about the 17th day of April, 1923, issued a contract commonly known as a policy of life insurance, insuring the life of one LaClede E. Bethards, Policy No. 3626497A; that said policy is payable to Rolland E. and Martha Bethards, parents jointly or to the survivors, with the right of the insured to change the beneficiary; that the Metropolitan Life Insurance Company, a corporation, promised to pay at its home office in the City of New York, One Thousand Dollars ($1,000.00) upon receipt at the home office of the Company in the City of New York of due proof of the death of the insured and upon surrender of the policy properly receipted to Rolland E. and Martha Bethards.

"It is further stipulated and agreed that premiums were paid 10½ years to October 7, 1933; that the 10½ year cash value amounted to $161.50, less loan and interest of $135.41, leaving a net equity of $26.09; that this equity was used in accordance with the terms of the policy to purchase paid-up insurance of $82.00, under which option the policy is still operating; that the present cash value of this paid-up insurance amounts to $26.47, plus dividends on deposit of $47.74, making a total value of $74.21; that the policy con-

tains the following provisions in regard to cash surrender value and paid up insurance:

" '5. Options on surrender or lapse:—Upon failure to pay any premiums or any part thereof when due, this policy, except as otherwise provided herein, shall immediately lapse. If, however, the lapse occur after three full years' premiums shall have been paid, the owner hereof, provided there be no indebtedness hereon, shall, upon written request filed with the company at its home office together with the presentation of this policy for legal surrender or for endorsement within three months from the due date of premium in default, be entitled to one of the following options:

" 'First—A cash surrender value.

" 'The company in its discretion may defer the payment of the cash value for a period not exceeding ninety days after the application therefor is received by the company.

" 'Second—To have the insurance continued for a reduced amount of non-participating paid-up insurance (including any existing additions to the credit of the policy), payable at the same time and under the same conditions as this policy. Such paid-up insurance shall have an increasing cash surrender value equal to the full reserve at the date of surrender, or a loan value up to the limit of the cash surrender value. Interest on loan under such paid-up insurance shall be payable annually in advance to the end of the policy year at the rate of six per centum per annum.

" 'Third—To have the insurance continued for its original amount as term insurance in whole number of months from the date of premium in default, without participation and without the right to loan, but with a cash surrender value decreasing each year and ceasing entirely upon the expiry of the extension term, which value shall be the full reserve in even dollars for each

one thousand dollars of insurance at the date of surrender.

" 'If the owner shall not, within three months from due date of premium in default, surrender this policy to the company at its home office for a cash surrender value or for endorsement for paid-up insurance or term insurance as provided in the above options, the policy shall be continued for a reduced amount of paid-up insurance as provided in the second option.'

"It is further stipulated that LaClede E. Bethards, the insured, is the judgment debtor herein, and has not exercised any of his options given by the terms of the policy, and has not made an application for the cash surrender, nor for the guaranteed loan value of the said policy and has not surrendered the said policy; and that further, if he had been called upon to do any of the foregoing acts for the benefit of the judgment creditor herein, he would have refused to do so."

Defendant, the garnishee here, contends that the cash surrender value of an insurance policy containing the provision of the policy in question is not subject to garnishment when the insured has not complied with the terms of the policy by requesting in writing that the cash surrender value be paid to the policyholder, and when he has not surrendered the policy to the company, as required by its terms. It is also insisted by the defendant that a judgment creditor by garnishment may not and cannot recover unless the judgment debtor himself could recover. Citing *Pogline v. Central Mutual Ins. Co.*, 280 Ill. App. 5, which sustains this latter contention.

In *Kothe v. Phoenix Mutual Life Ins. Co.*, 269 Mass. 148, an action was brought against the insurance company to recover the cash surrender value of a life insurance policy which contained the following provision:

"At any time after the premiums for two years have been paid the Company will purchase this policy for its

cash value on satisfactory release by the insured and assigns and surrender at the Home Office while it is in force, or within the thirty-one days of grace hereinbefore provided.'' The policy was issued on the life of one MacKay, and the plaintiff was the assignee of any rights which the insured had in the policy. In that case, as here, the insurance company denied any liability, unless the policy was surrendered, and the court held that:

''It is a general rule that the parties to a contract are bound by its terms expressed in plain and unequivocal language. Under the terms of the assignment the plaintiff has all the right, title and interest that were originally vested in the insured, but he has no greater rights. It is plain that compliance with the surrender clause in a contract of insurance is a condition precedent to recovery. *Boruszweski v. Middlesex Mutual Assurance Co.*, 186 Mass. 589, 590; *Smith v. Scottish Union & National Ins. Co.*, 200 Mass. 50, 53; *Nichols v. Continental Ins. Co.*, 265 Mass. 509, 512. An attaching or execution creditor or a trustee in bankruptcy can have no greater rights in this respect than could the insured. It has been held that a trustee in bankruptcy is bound by clauses of this nature to the same extent as the insured. *Bennett v. Aetna Ins. Co.*, 201 Mass. 554, 556. See also *Coggan v. Ward*, 215 Mass. 13, 16; *Abele v. S. A. Meagher Co.*, 227 Mass. 427, 429, 430. The case at bar is governed by the principles declared in *Johnson v. Phoenix Ins. Co.*, 112 Mass. 49, to the effect that stipulations in insurance policies constitute conditions which must be complied with by the insured before there can be recovery from the insurer. The circumstances that the insured debtor has absconded will not justify us in holding that the defendant cannot rely upon the terms of this contract. No facts appear in the record which show that the surrender of the policy is impossible, as appeared in the cases cited by the plaintiff. See *Liverpool & Lon-*

*don & Globe Ins. Co. v. Kearney,* 180 U. S. 132. The conclusion reached that there is nothing in the record to warrant us in holding that the clause is not binding is expressly supported by *Hilliard v. Wisconsin Life Ins. Co.,* 137 Wis. 208, and inferentially by *Blume v. Pittsburg Life & Trust Co.,* 263 Ill. 160, 163, 164.'' See *Blume v. Pittsburg Life & Trust Co.,* 263 Ill. 160, cited above.

By the terms of the stipulation upon which the hearing was had here, it is shown that the cash surrender value of the policy is $26.47, and we hold that, under the facts shown here, and under the authorities, plaintiff is not entitled to recover that sum. However, it is not disputed that Bethards was entitled to the dividends amounting to $47.74. It is, therefore, the judgment of this court that the judgment of the municipal court of Chicago be reversed, and that plaintiff have judgment here for the sum of $47.74, each party to pay their own costs.

*Reversed and judgment here.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.