Rose Drysch for use of Arthur E. Boeing, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 38,886.

Opinion filed November 2, 1936.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

HUTSON, TRAEGER & BOLGER, of Chicago, for appellee; JOHN D. BOLGER, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a garnishment suit based on a judgment against Rose Drysch for $568.90. Defendant, as garnishee, answered that it had issued a 10-year endowment policy on the life of Rose Drysch, payable to her if living 10 years after date, or in case of her prior death, to her daughter; that the policy had a net cash surrender value of $1,101.93, and that it did not have any moneys, credits or effects in its possession due and owing to her at the time of the service of the writ.

Upon trial by the court the finding was against the garnishee and judgment for $568.90 was entered, from which it appeals.

It was stipulated that the insurance company on January 21, 1935, in consideration of $2,402.01 had issued to Rose Drysch its 10-year endowment policy in the sum of $3,000, payable to her 10 years after date, or in case of her prior death to her daughter; before the garnishment action she had applied for and received a loan of $1,000 upon the policy; the cash surrender value of $1,101.93 was the balance of the surrender value after the loan had been made. The policy contained a provision that the insured might borrow from the company an amount up to the limit of the cash surrender value by making written application for the loan and assigning the policy to the company as security. The policy also provides that if it be legally surrendered to the company within three months after the end of one year after its date, the company will pay the cash surrender value. This garnishment proceeding was brought May 1, 1935, long prior to the expiration of one year after the date of the policy. It was stipulated that the insured had

not exercised any of her options given by the terms of the policy and has not made application for the cash surrender value nor the loan value of the policy, and that if she had been called upon to do any of these acts she would have refused to do so.

It is the general rule that a judgment creditor may by garnishment recover only such indebtedness as his debtor might recover in an action against the garnishee. *Pogline v. Central Mut. Ins. Co.*, 280 Ill. App. 5. There are cases in other jurisdictions holding that a judgment creditor could not garnish the loan or cash surrender value unless all the conditions precedent have been complied with. *Farmers' & Merchants' Bank v. National Life Ins. Co.*, 161 Ga. 793; *Van Dyke Co. v. Moll*, 241 Mich. 255; *Kothe v. Phoenix Mut. Life Ins. Co.*, 269 Mass. 148; *Hilliard v. Wisconsin Life Ins. Co.*, 137 Wis. 208.

We have held to the same effect in the recent case of *Larson v. McCormack*, 286 Ill. App. 206. In that case plaintiff had obtained a judgment against Mc-Cormack and had garnished the Massachusetts Mutual Life Insurance Company; application had been made by the insured for a loan on the policy, which had been approved by the company. The statute makes it obligatory upon a life insurance company to make such a loan. A check representing the amount of the loan, payable to the order of the insured, had been forwarded by the main office of the company to the Chicago agency, with instructions not to deliver the check to the insured until he had nominated a beneficiary of the policy; although the loan had been passed by the company and the check for the amount of the loan was in the hands of its agent at the time the summons was served, we held that garnishment would not lie until the loan had been consummated, nothing remaining to be done except to deliver the check to the insured. Leave to appeal from the judgment against

the judgment creditor was denied by the Supreme Court.

If the amount of the loan under such circumstances is not subject to garnishment, clearly it would not be subject to garnishment in the case at bar where no application has been made for a loan.

It is equally clear that the cash surrender value of the policy is not subject to garnishment. The insured could make no claim for the cash surrender value unless she was living at the end of one year from the policy's date and demanded the surrender value. Both these contingencies were uncertain.

Plaintiff says that while this may be true as to ordinary life insurance policies it is not the rule with reference to what he calls endowment insurance contracts; that in some courts it has been held that a policy like this is no more than such a contract as a savings bank might make and therefore the fund is not exempt from attachment by creditors. *Ellison v. Straw,* 119 Wis. 502; *Uhlman v. New York Life Ins. Co.,* 109 N. Y. 421. These cases involved dividends which were due and not the cash surrender value of policies. Counsel also cite *In re Bowers,* 11 F. Supp. 848, District Court, but neglect to inform the court that the decision of the District Court was reversed in 78 F. (2d) 776, certiorari denied by the United States Supreme Court. That case involved an annuity contract, and it was held that the cash surrender value of the policy was exempt under the Pennsylvania statute although the insured reserved the right to collect the cash surrender value.

The form of the instant policy has been repeatedly adjudicated as a life insurance policy. In *Briggs v. McCullough,* 36 Cal. 542, decided in 1869, the court had the question as to whether the proceeds of an endowment policy were exempt from the claims of creditors; it was there argued that the policy was not a

life insurance policy but simply a contract by the company that in consideration of a certain sum deposited by McCullough the company would pay him a certain stipulated sum at the expiration of 10 years, or sooner in the event of death, to whomever designated. The court held that the policy was, "strictly speaking, an insurance on the life of the party," and that the undertaking to pay McCullough at the end of 10 years, if he did not die, "does not divest it of its character of life insurance." See also *Commonwealth v. Wetherbee,* 105 Mass. 149; *Endowment & Benevolent Ass'n v. State,* 35 Kan. 253.

Counsel also says that the policy created a debt from the company to Rose Drysch. This is not true. No debt is created until the insured has the right to sue for the money. The option of the insured to elect to take the surrender value is not an evidence of debt until the option is exercised. *Blume v. Pittsburgh Life & Trust Co.,* 263 Ill. 160; *Duffy v. Mutual Benefit Life Ins. Co.,* 272 U. S. 613; *Industrial Loan & Inv. Co. v. Missouri State Life Ins. Co.,* 222 Mo. App. 1228, 3 S. W. (2d) 1046.

For the reason that neither the loan value nor the surrender value of the policy can be reached by garnishment, we hold that the judgment was erroneously entered and it is reversed without remanding.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.