(No. 27355.—

May H. Patteson *et al.*, Appellants, *vs.* The City of Peoria, Appellee.

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

Joseph A. Londrigan, James A. Londrigan, both of Springfield, Michael A. Shore, and E. V. Champion, both of Peoria, for appellants.

J. Edward Radley, Corporation Counsel, and C. E. McNemar, both of Peoria, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

Plaintiffs, May H. Patteson, Hannah Dunne, Iva Hagerty, Grace Fleming, Elsie M. Dempsey and Irene McDonald, in an action at law against the city of Peoria, are seeking to recover the difference between the amounts paid them by said city and the sum of $175 per month for their services subsequent to July 13, 1937, the effective date of the Policemen's Minimum Wage Act. (Ill. Rev. Stat. 1937, chap. 24, pars. 860a, 860b.) Each plaintiff alleged in the complaint that she was a member of the regularly constituted police department of the defendant city, sworn and commissioned to perform police duties, from July 13, 1937, to a certain date thereafter, none being subsequent

to June 9, 1941. Defendant answered alleging that the police department of the city consisted, during the time in question, of ninety-one members, every one of whom was duly appointed by the board of fire and police commissioners of the city; and denying that plaintiffs were members of said police department or that any of them was sworn and commissioned to perform police duties as a chief of police, chief of detectives, captain of police, lieutenant of police, sergeant of police, plain clothes man or patrolman in said department. The case was tried by the court without a jury and upon motion of defendant made at the close of plaintiffs' evidence the suit was dismissed. Upon appeal to the Appellate Court this order of dismissal was affirmed.

The board of fire and police commissioners of the city of Peoria, under date of October 1, 1937, issued to plaintiffs May Patteson and Hannah Dunne, commissions appointing them to the positions of policewomen; to plaintiff, Iva Hagerty, on September 1, 1937, a commission appointing her day police matron; to plaintiff, Grace Fleming, on September 1, 1937, a commission appointing her night police matron; and to plaintiffs Elsie Dempsey and Irene McDonald, on October 1, 1937, commissions appointing them clerks of the bureau of identification. The plaintiffs were each sworn to perform the duties of the respective offices to which they were appointed, and there can be no contention that these were not police duties.

The Policemen's Minimum Wage Act, under which plaintiffs claim, is an act providing the minimum salaries to be paid policemen in cities, villages or incorporated towns having a population of 10,000 or more. Section 1 of the act defines the word "policeman" and is as follows: "The word 'policeman' means any member of a regularly constituted police department of a city, village or incorporated town, sworn and commissioned to perform police duties, and includes the chief of police, assistant chief of police,

chief of detectives, captains, lieutenants, sergeants, plain clothes men and patrolmen."

The defendant, in support of the judgment of the Appellate Court, relies upon the general principle that the enumeration of certain things implies the exclusion of all other things not mentioned. Plaintiffs point out that this rule of construction serves only as an aid in discovering the legislative intent where not otherwise apparent and has no application where, as they claim is the case here, the meaning and intent plainly appear from the statute itself. It is their contention that the statute in unmistakable language has defined "policeman" to mean any member of a regularly constituted police department sworn and commissioned to perform police duties, thus making unnecessary any resort to rules of statutory construction; that this language must be given effect and cannot be read out of the statute or ignored under the pretense of construction; and that the subsequent language in the section, which provides that the definition of policeman "includes the chief of police, assistant chief of police, chief of detectives, captains, lieutenants, sergeants, plain clothes men and patrolmen," was not used to limit or restrict the meaning of the word "policeman" as thereinbefore defined to those expressly enumerated, but to make sure that such persons were included within the meaning.

A cardinal rule in the construction of a statute is that it should be so construed, if possible, that no word, clause or sentence is rendered superfluous or meaningless. (*People ex rel. Krebs* v. *Jacksonville and St. Louis Railway Co.* 265 Ill. 550.) "The good expositor," says Lord Coke, as quoted in *Perteet* v. *People*, 65 Ill. 230, "makes every sentence have its operation; gives effect to every word; will not construe it so that anything shall be vain or superfluous, but so expressed that one part of the act may agree with the other, and all may stand together." In construing statutes, courts look at the language of the whole act, and if

they find in any particular clause an expression not so large and extensive in its import as those used in other parts of the act, and, upon a review of the whole, they can collect from the more large and extensive expressions used in other parts, the real intention of the legislature, it is their duty to give effect to the larger expressions. (*Burke* v. *Monroe County,* 77 Ill. 610.) The rule of construction that the enumeration of certain things implies the exclusion of all others not mentioned is to be applied only when it appears to point to the legislative intent and never to defeat the plainly indicated purpose of the lawmaking body. (*Swick* v. *Coleman,* 218 Ill. 33.) Where a statute contains an enumeration of certain things to which the act applies and also a general term or expression concerning the application of the act, the general term or expression may be given full effect if the context shows the enumeration was not intended to be exclusive. (*Springer* v. *Government of Philippine Islands,* 277 U. S. 189, 48 S. Ct. 480, 72 L. ed. 851.) The Policemen's Minimum Wage Act specifically states that the word "policeman" means "any member" of the police department "sworn and commissioned to perform police duties." It then later states that it "includes the chief of police, chief of detectives, captains, lieutenants, sergeants, plain clothes men and patrolmen." It is only by ignoring the plain and unambiguous statement that the word "policeman" means *any* member sworn and commissioned to perform police duties that defendant can arrive at the construction for which it contends. In none of the cases cited by defendant was it necessary to ignore preceding language in order to apply the rule that the enumeration of certain things implies the exclusion of all others. The statement that the word "policeman" means any member of a police department sworn and commissioned to perform police duties is synonymous with the statement that the word "policemen" means all members of a police department sworn and com-

missioned to perform police duties. The statute here under consideration clearly indicates a legislative intent to provide, in certain municipalities, a minimum wage to be paid any member of a regularly constituted police department who is sworn and commissioned to perform police duties. The scope of its application being thus so apparent should not be so limited by construction as to defeat the general purposes of the act.

The police department of the city of Peoria was established by an ordinance which provided that it should embrace one superintendent of police, one captain of police, one lieutenant of police, one lieutenant of police in charge of traffic, three sergeants of police, one roundsman, two police matrons, three patrol operators, one chief of detectives, four detectives, seventy-five patrolmen, secretary to superintendent of police, superintendent of identification bureau, and such other number of detectives and police patrolmen as fixed from time to time by the city council. It will be noted the ordinance makes no provision for including clerks of the bureau of identification as members of the police department. However, the appropriation ordinances of the city for the years in question included the salaries of such clerks in the appropriations for the police department. The acts of the city of Peoria in repeatedly passing these appropriation ordinances and the action of the board of fire and police commissioners in appointing the plaintiffs Elsie M. Dempsey and Irene Mc-Donald to the positions in question, and their acceptance thereof by taking oath and giving bond, show clearly their legal employment and appointment as members of the police department of said city. (*People ex rel. Jacobs* v. *Coffin,* 282 Ill. 599.) Plaintiffs Elsie M. Dempsey and Irene McDonald, while not patrolmen or police matrons, were appointed as clerks of the bureau of identification and sworn to perform the duties of such clerks of that bureau. The bureau of identification is clearly a part of

the police department, and plaintiffs Dempsey and Mc-Donald, in performing the duties of clerks of that department, were performing police duties. They are, therefore, members of a regularly constituted police department, sworn to perform, and performing, police duties.

Defendant claims that the plaintiffs Iva Hagerty and Grace Fleming are not members of the police department and therefore not entitled to the statutory minimum wage; that the provisions of the Fire and Police Commissioners Act, adopted by the city of Peoria about thirty years ago, require that all members of the police department shall be appointed by the board of fire and police commissioners; and that the board had no power to appoint police matrons, the power to make such appointments being expressly given to the mayor, under the provisions of the Police Matrons Act. This last-mentioned statute was enacted in 1897 and provided for the appointment of police matrons in cities of 16,000 inhabitants or more. In 1903 the legislature enacted the Fire and Police Commissioners Act. This act provided that it applies only to those municipalities voting to adopt its provisions, and as to those it provides for the establishment of a board of fire and police commissioners who are to appoint all members of the police department. In 1937 the Policemen's Minimum Wage Act was passed providing a minimum wage for members of the police department who are sworn and commissioned to perform police duties. These three acts with slight changes were incorporated in the Revised Cities and Villages Act of 1941. Defendant argues that the police matrons Iva·Hagerty and Grace Fleming cannot be brought within the terms of the Policemen's Minimum Wage Act unless they are first brought within the provisions of the Fire and Police Commissioners Act; that this cannot be done because the Police Matrons Act being a specific enactment dealing with only one subject must be treated as an exception to any general statute which would otherwise include the same

subject; that therefore neither the Fire and Police Commissioners Act nor the Policemen's Minimum Wage Act apply to police matrons; and the commissions issued by the board of fire and police commissioners to plaintiffs Iva Hagerty and Grace Fleming are void. This reasoning is not sound and works a discrimination against police matrons in cities of 16,000 or more inhabitants. The Police Matrons Act of 1897 was not repealed by the passage of the Fire and Police Commissioners Act in 1903. The effect of the later act was to remove from the operation of the earlier act all cities voting to adopt the provisions of the said act passed in 1903. In cities adopting its provisions all members of the fire and police departments are appointed exclusively by the board of fire and police commissioners. The appointments of plaintiffs Iva Hagerty and Grace Fleming to the positions of police matron can not be held void for want of power in the board of fire and police commissioners of the city of Peoria to make the same.

Each of the plaintiffs in this case was entitled to and should have received from the defendant a salary of $175 per month for the period from the date of her commission to the date of the termination of her services. The judgments of the Appellate and the circuit courts are therefore reversed and the cause is remanded to the circuit court with directions to enter judgment against the defendant in favor of each of the plaintiffs May H. Patteson, Hannah Dunne, Iva Hagerty, Grace Fleming, Elsie M. Dempsey and Irene McDonald for the difference between the amounts paid them, respectively, for their services from the date of their commissions to the date of the termination of their services and the sum of $175 per month.

*Reversed and remanded, with directions.*