(No. 30048.—)

SIDNEY S. DEUTSCH *et al.*, Appellees, *vs.* THE DEPARTMENT OF INSURANCE, Appellant.

*Opinion filed May 22, 1947.*

GEORGE F. BARRETT, Attorney General, of Springfield, (WILLIAM C. WINES, of Chicago, of counsel,) for appellant.

SIDNEY S. DEUTSCH, of Rock Island, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Department of Insurance of the State prosecutes this appeal, conformably to ·section 25 of the Small Loans Act, (Ill. Rev. Stat. 1945, chap. 74, par. 43,) from a decree of the circuit court of Rock Island county adverse to it and in favor of Sidney Deutsch and Sam Skafidas. This appeal presents for our consideration the construction of certain provisions of the statute.

Section 2 provides that an applicant seeking a license to engage in the business of making loans in the amount of $300 or less shall file an application in the form prescribed by the Department of Insurance, containing the name and both the residence and business addresses of the applicant, the county and municipality where the business is to be conducted, and such other information as the Department may require. The applicant is required at the

time of making his application to pay to the Department $100 as an investigation fee and an additional sum of $100 as an annual license fee if the proposed place of business is located in a county of less than 500,000 inhabitants. Every applicant, it is provided further, shall prove, in form satisfactory to the Department, before a license is granted, that he has available for the operation of such business at the location specified in the application, assets of at least $5000. The third section prescribes that the applicant shall, also, at the same time file with the Department a bond to be approved by it, in the sum of $1000, with the applicant as the obligor and one or more sureties, the bond to run to the State of Illinois for the use of the State and of any persons who may have a cause of action against the obligor in the bond under the provisions of the statute. Section 4 provides that, upon the filing of the application and the approval of the bond and the payment of fees, if the Department shall, upon investigation, find as conditions precedent to the issuance of a license under the act, (1) that the financial responsibility, experience, character, and general fitness of the applicant, are such as to command the confidence of the community and to warrant belief that the business will be operated honestly, fairly, and efficiently, within the purposes of the act; (2) that allowing the applicant to engage in the business will promote the convenience and advantage of the locality or community in which the business of the applicant is to be conducted, and (3) that the applicant has available for the operation of the business at the specific location assets of at least $5000, the Department shall thereupon issue and deliver a license to the applicant to make loans in accordance with the provisions of the statute. The fourth section provides, further, that if the Department of Insurance shall not so find, it shall not issue a license and shall notify the applicant of the denial and return to him the bond and the sum paid as a license fee, retaining the investigation fee of $100 to

cover the costs of investigating the applicant. Approval or denial of every application for license, the statute ordains, shall be made within sixty days from the filing with the Department of the requisite fees and the approved bond. The fourth section concludes, "No application shall be denied except after the applicant shall have had a notice of a hearing on said application and an opportunity to be heard thereon. If the application is denied, the Department shall, within twenty (20) days thereafter, prepare and keep on file in its office, a written order of denial thereof, which shall contain its findings with respect thereto and the reasons supporting the denial, and shall send by United States mail a copy thereof to the applicant at the address set forth in the application, within five (5) days after the filing of such order. A review of any such decision may be had as provided for in Section 25 of this Act."

Section 21 grants authority to the Department of Insurance to make and enforce such reasonable relevant rules, regulations, directions, orders, decisions, and findings as may be necessary for the execution and enforcement of the statute and the purposes sought to be attained, in addition thereto and not inconsistent therewith. Such rules shall be filed and entered in an indexed, permanent book or record which shall be a public document. Section 25 provides that within forty days after notice is given, as provided in this section, of the entry of any order, decision or finding by the Department, upon any matter relating to the statute or to its enforcement, any person affected thereby may appeal to the circuit court of the county where the licensee is located, for the purpose of having the reasonableness or lawfulness of the order, decision, or finding inquired into and determined. The party taking such an appeal must file a written notice of intention with the Department within the forty days. Section 25 provides, further, "The appellant, upon the filing of such notice of intention to

appeal, shall, within twenty (20) days thereafter, file with the clerk of the court to which such appeal is taken (1) a certified copy of the order, decision or finding appealed from, and (2), within thirty days after filing such notice of intention to appeal, a transcript of the testimony, together with exhibits, if any, taken at any hearing or proceeding upon which said order, decision or finding is based." Additional provisions are that the party serving such notice of appeal shall, within ten days after the service of such notice on the Department, file a copy of the notice with proof of service on the Department with the clerk of the court to which such appeal is taken and thereupon the court shall have jurisdiction over the appeal and it shall be entered upon the records of the court "and shall be tried therein without formal pleading, but otherwise according to the rules relating to the trial of chancery suits, so far as the same are applicable." Section 25 concludes by providing for a direct review by this court, in accordance with the Civil Practice Act, of all final orders and judgments entered by the circuit court in review of any order, decision or finding of the Department of Insurance.

The extraordinary condition of the record requires a detailed statement. Sidney S. Deutsch and Sam F. Skafidas, both attorneys, obtained from the Small Loans Division of the Department of Insurance a form of application for a license to operate a small loans office. Answers to the questions on the application furnished the information desired, including the firm name of East Moline Loan Company, the amount of total assets used and useful in the business, the cash on hand available for use in the business, and cash obtainable in the form of savings for use in the business, each item being $10,000. Applicants tendered to the Director of Insurance $100 as an annual license fee, a second $100 as an investigation fee, and a bond in the amount of $1000, as prescribed by statute. The application is dated January 5, 1946. Additional information on

the application includes a history of the business experience of Deutsch, covering a period of more than five years, and of Skafidas for a shorter period of time. Personal references are listed for each applicant. Family data was also supplied. The bond accompanying the application was in proper form. The application dated January 5, 1946, a Saturday, would not reach the Supervisor of Small Loans until Monday, January 7. A letter dated the next day, January 8, addressed to Deutsch and signed by the supervisor reads, in part: "On the basis of the economic need for a small loan office in E. Moline, please be advised that an additional license in said location would not, at this time promote the convenience and advantage of the neighborhood in which the business is to be conducted." The application was sent to the Chicago office of the Department of Insurance and the quoted reply dispatched from the same office. The supervisor's letter returned Deutsch's check, together with the surety bond. A second letter from the supervisor addressed to Deutsch, dated January 15, 1946, states that their letters dated January 8 crossed and that he was therefore returning two checks for $100 each and the surety bond.

Thereafter, on February 16, 1946, written notice of intention to appeal to the circuit court of Rock Island county from the determination and findings made on January 8 and 15, 1946, by the Division of Small Loans of the Department of Insurance was served on the Director of Insurance and, on February 25, 1946, the notice and proof of service on the Department were filed with the clerk of the circuit court of Rock Island county. The supervisor's letters, filed with the clerk of the circuit court, within twenty days after filing notice of intention with the Department, bear the certifications of Deutsch to the effect that they are true and correct copies of the letters received from the Department of Insurance, Division of Small Loans. Appearing specially, the Department of In-

surance interposed a motion to quash and dismiss the appeal. Its motion was denied. The Department of Insurance, upon motion, was given thirty days to plead. Later, the Department filed a second motion to dismiss the appeal. This motion was stricken, and the Department was ruled to answer within thirty days. Subsequently, the Department filed its election to stand on the pleadings. On October 23, 1946, an order was entered defaulting the Department and the cause set for hearing. The Department's motion to vacate the order of default was denied.

At the hearing of the cause on November 20, 1946, Skafidas testified with respect to the application for a license and the other matters previously recounted. From his testimony it appears that he had been a resident of Rock Island county for twenty-nine years, owned his own home in the city of Rock Island, and that Deutsch owned considerable real estate. The city of East Moline is approximately nine miles from the city of Rock Island, its population approximately 15,000, and its types of industry principally industrial. One small surrounding community to the east of East Moline is Silvis, having a population of about 5,000. Adjacent cities or villages to the north are Hampton and Port Byron. Skafidas testified that a substantial portion of the business in East Moline is derived from the surrounding communities; that there were no small loan companies operating in the city of East Moline; that, to the best of his knowledge, there were no small loan companies operating in the small towns contiguous to East Moline on the east and north and, specifically, if a license were granted, it would be the only license in the city of East Moline. This testimony is diametrically contradictory to the statement contained in the letter of the Supervisor of Small Loans that there was, on January 8, 1946, no economic need for an additional small loans office in the city of East Moline. Frank Skafidas, the surety on the bond of appellees, testified that he owned considerable valu-

able real estate in the city of Rock Island. Earl Whalen, managing secretary of the East Moline and Silvis Association of Commerce, testified that, to his knowledge, there were no small loan companies operating and with offices in the city of East Moline, the city of Silvis or the village of Hampton. Howard Gregg, clerk of the circuit court of Rock Island county, testified to the good general reputations of Skafidas and Deutsch for truth and veracity, honesty and integrity. The original letters of the Supervisor of Small Loans to Deutsch were admitted in evidence.

A decree was entered on November 20, 1946, finding, among other things, that, at the time of the application of Deutsch and Skafidas, as well as at the date of the hearing and decree, there were no loan companies in the city of East Moline operating under the Small Loans Act; that residents of the city who desired to borrow from such a loan company must repair to other communities; that East Moline and the surrounding small communities immediately adjacent to it on the east and northeast did not have any loan companies operating under the statute, and that allowing the applicant to engage in such business in East Moline would promote the convenience and advantage of the locality or community in which the business of the applicants would be conducted. Accordingly, the decree adjudged that the application, bond and fees returned by the Department of Insurance to the applicants when their license application was denied be filed again with the Department and, upon filing them, the Department issue a license to applicants to operate in East Moline a loan company under the Small Loans Act. This appeal, prosecuted conformably to the statute, followed.

Seeking a reversal of the decree, the appellant, the Department of Insurance, contends that the appeal should have been dismissed by the circuit court for want of jurisdiction for the reason the appellees, Deutsch and Skafidas, did not file a certified transcript of proceedings before the

Department and that, in any event, the, letters from the Supervisor of Small Loans did not constitute final administrative action subject to review. The purported certification of the letters of January 8 and 15, 1946, by Deutsch, it is argued, was a nullity. Answering, appellees maintain that, upon an application for a license to operate a small loans office being filed, a duty devolves upon the Department of Insurance to make an investigation for the purpose of determining whether the applicant satisfies the statutory prerequisites for a license; that if, upon this investigation, the Department finds the applicant fails to meet the requirements, the license must be denied but that this denial must be supported by proper reasons and predicated upon findings of fact, conformably to section 4 of the applicable act. Appellees insist, further, that an applicant deeming himself aggrieved by a decision of the Department can appeal from the decision of the Department to the circuit court, and that the court may determine *de novo* and independently of any transcript of proceedings before the Department of Insurance whether the applicant is entitled to a license. Determination of these and other issues requires a construction of the relevant provisions of the Small Loans Act and their application to the present factual situation.

The Department directs attention to section 25 of the statute which provides, among other things, that an applicant seeking a review must file with the clerk of the court a certified copy of the "order, decision or finding appealed from" within twenty days after filing notice of intention to appeal and, within thirty days after filing such notice, a transcript of the testimony, together with exhibits, if any, taken at any hearing or proceeding upon which the order, decision or finding is based. Appellant argues that the certification of the two letters from the Supervisor of Small Loans by appellee Deutsch is not within the contemplation of the act, and that the term "certified copy" im-

ports certification by the official custodian of the challenged order, decision or finding. Appellant points out, further, that appellees did not file any transcript of testimony, and did not make any showing either by a certified transcript, or otherwise, that they had sought and been denied an opportunity to present any evidence before the Department of Insurance. Appellees reply that the Department would not supply them with a certified copy of the communications of the Supervisor of Small Loans upon the ground that his action was not the action of the Department and that the only orders or decisions it could certify were orders or decisions of the Department of Insurance. In short, the attitude of appellant, abundantly reflected in the record and asserted in its briefs, is that orders or decisions rendered by the Supervisor of Small Loans did not comply with the statute and, consequently, were not orders or decisions of the Department. This being so, a request for certified copies would have been futile. The mere fact that the letters of the Supervisor of Small Loans were not certified by the Director of Insurance affords no basis for dismissal of appellees' appeal to the circuit court. The filing of a written notice of intention to appeal, with proof of service on the Department of Insurance, as prescribed by section 25 of the statute, is jurisdictional. This notice was filed, the appeal to the circuit court perfected, and jurisdiction attached. The circuit court properly declined to dismiss the appeal. Appellees, asserting that they could not obtain certified copies, introduced the original letters upon the hearing *de novo* in the circuit court and authenticated them by their testimony. It is elemental that original documents are the best evidence, and we fail to perceive how appellant could have been prejudiced by the failure of the applicants to file copies certified by the Department of Insurance.

Appellant contends there is no showing that the Supervisor of Small Loans had any authority to take an action

tantamount to that of the Department itself in rejecting an application for a license. Section 4 provides for an investigation by the Department as to whether an applicant for a license to engage in the small loans business meets the statutory requirements. An investigation fee is prescribed, and the statute provides that this fee of $100 be retained to cover the costs of investigation. Section 21 empowers the Department to make and enforce reasonable relevant rules and regulations. Under this section, authority could well be given to the Supervisor of the Division of Small Loans to pass upon applications for licenses. Moreover, as appellees point out, it is the Department,— not the Director,—which must act upon applications for licenses, and the Department can act only through agents. The General Assembly may, of course, delegate to others the power to do those things which it might properly but cannot understandingly or advantageously do itself. (*City of Rockford* v. *Hey,* 366 Ill. 526.) The Small Loans Act does not assume to vest in administrative officers a discretion either as to the administration of the enactment or the determination of what the law is, or to apply it to one and refuse its application to another in like circumstances. Manifestly, the Department cannot arrogate such authority to itself. The rules and regulations of the Department relating to the enforcement of the Small Loans Act state that all communications shall be addressed to the Division of Small Loans, Department of Insurance, located in the Board of Trade Building, in Chicago. The application of appellees and the requisite fees were sent to the office of the Supervisor of Small Loans, in Chicago, as directed. They could not have been received before Monday, January 7, 1946. The next day, January 8, the supervisor advised appellees in writing that an additional small loans office in East Moline would not serve the economic purposes described in the statute. An investigation of the character demanded by the Small Loans Act could not have

been made within the short time intervening between the receipt of the application and its denial. Most assuredly, the references supplied by the applicants were not investigated, and we are unable to understand how an investigation would disclose that an additional small loans office would serve no useful economic purpose in East Moline when there were, at the time, no such offices operating in the city or in its immediate environs. The conclusion is compelling, first, that an investigation was not made and, second, that the reason assigned for refusal to issue a license was not the result of an investigation. Fortifying our conclusion that no investigation was made, is the fact that appellant did not retain the investigation fee of $100 to cover the cost of investigating appellees, as provided by section 4 of the Small Loans Act, but returned it to appellees.

The situation presented here is the acme of administrative absolutism. It is with poor grace that appellant says the Supervisor of Small Loans Division was not acting for and in behalf of the Department of Insurance. Appellees had been directed to submit their application to him and, in obedience to instructions, submitted an application to him. Although the application was denied by the supervisor, it is now contended that he lacked authority either to grant or refuse a license. If his action was illegal, it represented action taken by the Department of Insurance and was illegal action of the Department itself. We do not see how the communication received from the supervisor can be interpreted in any other manner than as representing administrative action on the part of the Department of Insurance. A decision or order was received by appellees. It was informal in nature but none the less a final disposition of appellees' application. The Small Loans Act makes no requirement that the Director of the Department of Insurance personally approve or deny an application for a small loans license. He may

delegate authority to the Supervisor of the Division of Small Loans and this, undoubtedly, was done. The supervisor had apparent authority to act, and, if he lacked such authority, it was incumbent upon the Department, upon appeal in the circuit court, to introduce evidence to the contrary. Without question, the Supervisor of the Division of Small Loans proceeded on the assumption that he had authority to grant or deny a license. We are of the opinion that the Supervisor of the Small Loans Division could have been granted authority to issue or deny applications for licenses; that he acted upon the assumption such authority had been granted and, in the absence of evidence to the contrary, must be deemed to have enjoyed the authority he assumed to exercise.

Treating the letter of January 8, 1946, as an order or decision of the Department, it utterly fails to meet the requirements of the statute. Section 4 provides that an application shall not be denied except after giving the applicant a notice of the hearing on his application and an opportunity to be heard thereon. This was not done. Next, it is provided by section 4 that if the application be denied the Department shall, within twenty days thereafter, prepare and keep on file in its office, a written order of denial thereof, containing its findings with respect thereto and the reasons supporting the denial, and shall, within five days after the filing of such order, mail a copy to the applicant. This statutory mandate was ignored. There is no pretense that the letter of January 8, 1946, constituting an order of denial, was supported by any evidence. The statute ordains that the Department of Insurance must make findings and assign reasons for the denial of a license. Appellees made a *prima facie* case upon submitting their application, their fees and bond. The duty of supporting its denial rested upon the Department. It is true that section 25 provides that the appellant in the circuit court (appellees here) shall file a transcript of the tes-

timony heard by the Department of Insurance. If, however, the Department of Insurance, for reasons known only to itself, did not make provision for taking testimony at the hearing, a transcript would not be available and could not be filed. Furthermore, section 25 admits of the construction that it was not mandatory to take testimony at a hearing before the Department. A transcript of testimony is not a prerequisite to jurisdiction of an appeal to the circuit court under the Small Loans Act. Where no testimony is taken at a hearing or proceeding before the Department, or its Supervisor of Small Loans, the failure of the appellant in the circuit court to file a transcript does not afford a basis for dismissal of the appeal.

The question remains concerning the nature of a hearing *de novo* on appeal from an order of the Department of Insurance. Section 4 provides that a review of any decision denying an application for a license may be had, pursuant to section 25. The decision or finding denying a license should be sufficiently specific to enable the circuit court to review intelligently the decision and ascertain whether the facts on which an order of denial is based afford a reasonable basis for its entry. Section 25 declares that the court to which the appeal is taken shall try the appeal without formal pleading, but otherwise according to the rules relating to the trial of chancery suits, so far as applicable. The legislative intent reflected by this provision is that the court, upon appeal from orders relative to the administration or enforcement of the Small Loans Act, shall do more than merely review orders of the Department of Insurance. Upon appeal, the circuit court is vested with authority to determine whether a license should be granted or denied, its determination being based upon the record of the proceedings before the Department, together with evidence heard upon the appeal.

Cases relied upon by appellant, involving the review of orders of the Commerce Commission, the Industrial

Commission and the Department of Revenue are not in point. The Public Utilities Act, the Workmen's Compensation Act and the Retailers' Occupation Tax Act do not provide for trials *de novo* by the courts as does the Small Loans Act. A statute itself affords the best means of its exposition and if the legislative intent can be ascertained from the provisions of the statute, that intent will prevail without resorting to other aids for its construction. (2 Lewis' Sutherland on Stat. Const. (2d ed.) secs. 348, 366; *People ex rel. Barrett* v. *West Side Trust and Savings Bank,* 362 Ill. 607.). The legislative intent reflected in the Small Loans Act, and which must be effectuated, is that, upon an appeal from an order denying a license, the court shall do more than review the propriety of the order and shall proceed to hear evidence, without formal pleading, as specifically provided. In the present case, the court heard evidence and, upon the basis of the evidence heard and documentary evidence received, adjudged that appellees were entitled to the license sought. The condition of the record previously described called for a remandment to the Department. Instead of proceeding to hear witnesses on a trial *de novo* on the merits, the circuit court should have remanded the cause to the Department of Insurance, with directions to prepare a written order containing findings and setting forth reasons for denial of a license to appellees, with sufficient particularity to enable an intelligent judicial review. Since the original application for a license was returned to appellees they should be permitted to renew their application and be given a hearing, in accordance with the statute.

It is to be regretted that a remandment by this court becomes necessary, as the applicants should long since have received a final adjudication of the simple issue whether they are entitled to engage in the business of making small loans in the city of East Moline. The delay they have

suffered may, however, inure to the benefit of future applicants for licenses by compliance with the Small Loans Act by the administrative agency entrusted with its execution and enforcement.

The decree of the circuit court of Rock Island county must be reversed and the cause remanded to that court, with directions to, in turn, remand the cause to the Department of Insurance for further proceedings in accordance with this opinion.

*Reversed and remanded, with directions.*