In the Matter of Solomon SCHRIAR, Seymour Schriar, and Arthur Schriar, Individually and as Co-Partners, doing business as Chicago Motive Parts Company, a Co-Partnership, Bankrupts.

Solomon SCHRIAR, Appellant,

v.

A. K. MOSE, Trustee, Appellee.

No. 12992.

United States Court of Appeals
Seventh Circuit.

Nov. 21, 1960.

William M. Brandt, Chicago, Ill., for appellant.

Ralph G. Scheu, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and PLATT, District Judge.

PLATT, District Judge.

The facts in this case were stipulated. Solomon Schriar filed his individual schedules in bankruptcy June 10, 1959. He listed on Schedule B-3 three insurance policies on his life with a cash surrender value on the date of bankruptcy of $5,040.00. The beneficiaries on each policy at the time of bankruptcy were his two adult sons and his married adult daughter, who were not dependent upon him for support. On Schedule B-5 the bankrupt listed each policy as being exempt. The trustee petitioned the referee in bankruptcy for an order directing the bankrupt to turn over the life insurance policies for the reason that none of the beneficiaries in the policies was dependent upon the bankrupt. The bankrupt answered, alleging that the policies were exempt under Section 6 of the Bankruptcy Act, and Ch. 73, § 850, Ill.Rev.Stat., 1959, and the fact the beneficiaries were not at the time dependent upon him made no difference.

The referee in bankruptcy, after hearing on the petition and answer, entered an order directing that the cash surrender value of the policies be turned over

to the trustee. A petition for review of said order was filed and on December 9, 1959, the district court confirmed the turnover order of the referee in bankruptcy. This appeal followed.

The statutes involved were:

Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24.

"§ 6 Exemptions of Bankrupts. This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: * * *"

and Section 850, Chapter 73, Insurance, Ill.Rev.Stat., 1959,

"850. § 238. Exemption. All proceeds payable because of the death of the insured and the aggregate net cash value of any or all life and endowment policies and annuity contracts payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured, whether the power to change the beneficiary is reserved to the insured or not, and whether the insured or his estate is a contingent beneficiary or not, shall be exempt from execution, attachment, garnishment or other process, for the debts or liabilities of the insured incurred subsequent to the effective date of this Code, except as to premiums paid in fraud of creditors within the period limited by law for the recovery thereof."

The sole question on this appeal is whether or not the Illinois Insurance Exemption Statute covers the cash surrender value of life insurance policies payable to nondependent adult children of a bankrupt-insured, so as to protect the cash value of such policies against the claim of a trustee in bankruptcy. The dispute arises over the words in section 850 " * * * payable to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured * * *."

Neither side cited a decision by the Illinois courts in their brief, nor has this court been able to find any Illinois decision which is decisive of the question here involved. No citation in any other state on a similarly worded statute has been offered by the parties which would be persuasive here.

The bankrupt contends that the intention of the Illinois Legislature, in adopting the 1937 exemption statute, was to give an Illinois debtor who was in bankruptcy, protection similar to that he already had in the courts of Illinois. In Illinois prior to the adoption of the 1937 statute, the loan value or cash value of a life insurance policy on the debtor's life, regardless of the beneficiary, could not be reached in a garnishment suit against the insurance carrier, or by a creditor's bill, because under the terms of the policy the insurance carrier was not indebted to the insured until the policy was surrendered. Larson v. McCormack, 1936, 286 Ill.App. 206, 2 N.E.2d 974; Bethards, for Use of Draper & Kramer v. Metropolitan Life Ins. Co., 1936, 287 Ill.App. 7, 4 N.E. 2d 257; Drysch, for Use of Boeing v. Prudential Ins. Co., 1936, 287 Ill.App. 68, 4 N.E.2d 530; Fidelity Coal Co. v. Diamond, 1944, 322 Ill.App. 229, 54 N.E.2d 240. Prior to the exemption statute of 1937, the trustee in bankruptcy was entitled to the cash surrender value of a life insurance policy as an asset of the bankrupt's estate where the policy was payable to the bankrupt's wife, and where the right was reserved to change the beneficiary. Ehrhart v. New York Life Ins. Co., 7 Cir., 1929, 45 F.2d 804. However, the protection of the debtor in these Illinois cases was not based upon the exemption laws, and we doubt that the Illinois Legislature contemplated a change of the effect of the Federal Bankruptcy Act, since the Illinois Legislature has no legislative jurisdiction of bankruptcy.

There are two decisions in Illinois where the court did not have the precise

question here involved presented which referred to § 850, Ch. 73, Ill.Rev.Stat., 1959. In Vieth v. Chicago Title & Trust Co., 1940, 307 Ill.App. 99, at page 109, 30 N.E.2d 126, at page 131, where a creditor was attempting to reach the proceeds of the life insurance policy after the death of the insured, the court said:

"We will now deal with the question of the right to recover the proceeds of insurance both under the Statute and under the common-law decisions, and also discuss the question of the recovery of premiums. The Statute of March 26, 1869, was repealed in 1937 when the present Insurance Act was enacted. The death of Kramer [the debtor] occured (sic) in 1932, and the provisions of the present Act are not applicable to the present case, except insofar as the new and later statute shows the public policy, with reference to insurance proceeds payable *to a widow, children or dependents of the insured.*" (Emphasis supplied.)

It is difficult to place any reliance on this statement by the court for two reasons: (1) the court was not attempting to define the beneficiaries as set forth in the exemption statute; and (2) the court did not say widow, child and dependents of the insured, but "widow, children or dependents of the insured." In Borin v. John Hancock Mutual Life Ins. Co., 1959, 21 Ill.App.2d 139, at page 143, 157 N.E. 2d 673, at page 675, where a creditor was attempting to reach the premiums paid by the insured while insolvent, and the policies were assigned to the debtor's brother, the court expressed itself:

"In Illinois, even where *dependants are the beneficiaries,* the payment of premiums while insolvent leads to a 'presumption of fraudulent intent (which) is irrebuttable and conclusive, and inquiry into the motives is inadmissible,' Ramsey v. Nichols, 73 Ill.App. 643, 650. * * While these cases came under the Exemption Act of 1869, the wording of that Act in regard to premium payments made in fraud of creditors is

substantially the same as that used in the present Section 850 of the Insurance Code, our current exemption law. * * * (Emphasis supplied.)

"Since the Illinois courts will presume fraud even where dependents are concerned, *a fortiori* they will presume fraud where dependents are not the beneficiaries."

The statement in the Vieth case is not clear as to whether the court considered the widow and children as dependents of the insured, but in the Borin case it is evident that the court considered all the beneficiaries under the present statute were the debtor's dependents.

Exemption statutes must be liberally interpreted to protect "those for whose benefit it is enacted." In re Fogel, 7 Cir., 1947, 164 F.2d 214, 216; General Finance Corp. v. Rainer, 1959, 20 Ill.App. 2d 192, 155 N.E.2d 833. The Illinois Constitution of 1870, Article IV, S.H.A., provides:

"§ 32. Homestead and exemption laws. The general assembly shall pass liberal homestead and exemption laws."

The Legislature of Illinois complied with this mandate when this exemption statute was adopted, since it placed no limit either on the amount of the proceeds of the life insurance policy, or its cash surrender value.

The title of section 850 is "Exemption" although it appears in the chapter on insurance in the statutes of Illinois. The title of a statute expresses the purpose and object of the Act. Hoyne v. Ling, 1914, 264 Ill. 506, 106 N.E. 349; Department of Public Works v. Spanogle, 1927, 327 Ill. 122, 130, 158 N.E. 526.

"[T]he chief objectives of the exemption laws are: (1) insuring of a means of livelihood and subsistence to the debtor; (2) protection and welfare of his family; (3) the prevention of any possibility that the debtor or his family might become a public charge upon the state." General Finance Corp. v. Rainer, supra,

20 Ill.App.2d at page 195, 155 N.E. 2d at page 835.

Exemption statutes must be liberally interpreted in the light of the objectives to be accomplished.

"A statute itself affords the best means of its exposition and if the legislative intent can be ascertained from the provisions of the statute, that intent will prevail without resorting to other aids for its construction." Deutsch v. Dept. of Insurance, 1947, 397 Ill. 218, 232, 73 N.E. 2d 304, 311.

It is a "cardinal rule" in construction of a statute that effect should be given, if possible, to each word, clause and sentence. Patteson v. City of Peoria, 1944, 386 Ill. 460, 54 N.E.2d 445. The instant statute limits the beneficiaries "to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured." The legislature used the words "or *other* person dependent upon the insured," not just or person dependent upon the insured. The word "other" cannot be discarded. The legislature clearly anticipated that child and parent were in the same class as "other person dependent upon the insured." The legislature must have intended that "dependent upon the insured" should modify child and parent, as well as "other person." Furthermore, this interpretation gives effect to the chief objectives of the exemptions laws, in that it protects the debtor in his subsistence, his family to whom he is obligated to support, and the public. Interpreting this statute liberally neither requires nor permits us to read into the statute that a beneficiary may be an adult son or daughter not dependent upon the debtor, where such meaning is simply not there.

We conclude, therefore, that the interpretation of the statute that the trustee was entitled to the cash surrender value of the bankrupt's policies as an asset of the estate, as placed upon it by the district court, was proper, and that the judgment of the district court is affirmed.